| | |
|---|---|
| VINCENT P. LAROBINA | * |
|                 Plaintiff | * |
| V. | * |
| COMMISSIONER OF TRANSPORTATION STATE OF CONNECTICUT; | *    CASE NO: 3:03CV 217 GLG |
| AQUARION WATER COMPANY; and | * |
| CITY ENGINEER, CITY OF STAMFORD | * |
|                 Defendants | *    OCTOBER 23, 2003 |

FILED Oct 24 2 49 PM '03 U.S. DISTRICT COURT NEW HAVEN, CONN.

## MOTION TO LIFT STAY OF PROCEEDINGS

On or about April 3, 2003, the defendants, Commissioner of Transportation (the "Commissioner") and Aquarion Water Company ("Aquarion") jointly- and the defendant City Engineer, City of Stamford (the "City") individually- filed motions with this Court requesting a stay of proceedings and a referral to a Judge Magistrate (Docket #17 and #19, respectively) The plaintiff, Vincent P. Larobina, objected to the request for stay, filing a Memorandum in Opposition on April 23, 2003 (Docket #20)

On or about June 25, 2003, the Court (Hon. Gerard L. Goettel, SUSDJ) granted the defendants' motions, staying the proceedings in this action "to the limited extent of referring the case to Magistrate Judge William I. Garfinkel for possible settlement".

On or about July 17, 2003, Judge Garfinkel ordered the parties to attend a settlement conference on September 26, 2003. In accordance with the Order, the plaintiff submitted his ex parte brief on or about September 18, 2003.

On or about September 22, 2003, the plaintiff was advised by the Court that the settlement conference had been cancelled. The plaintiff is unclear as to the exact reason

1

for the cancellation- originally plaintiff had understood that the conference was cancelled due to administrative conflicts at the Court, but subsequently plaintiff was informed that the conference was cancelled pursuant to the request of two (2) of the defendants' attorneys due to scheduling conflicts.

In any event, as of even date, the conference has not been rescheduled.

This action was instituted in January 2003, alleging that the defendants had conspired to install and maintain a public fire hydrant on plaintiff's property. To date, though defendants do not claim a legal right to maintain a fire hydrant on plaintiff's property, the fire hydrant remains in place. Respectfully, the defendants have plainly not availed themselves of the opportunity accorded them by this Court to resolve this unlawful intrusion; but rather, have exploited the stay for their collective purposes and benefits to the prejudice of the plaintiff.

With the stay in place, the plaintiff has been unable to seek the immediate relief that is his right in the face of this unlawful occupation of his property. Certainly, the plaintiff respects the Court's judgment that the litigants should try to settle their differences. However, the plaintiff respectfully believes that this case should not be viewed as distinct from any other litigation where the advancement of pleadings and a dialogue for settlement proceed simultaneously.

Wherefore, the plaintiff respectfully requests that the Court lift the stay in this action, and thereby, permit the plaintiff to advance his cause.

Respectfully Submitted,

Plaintiff, Pro Se

*[signature]*

Vincent P. Larobina, *Pro Se*
113 Grove Street
Stamford, Connecticut 06901
Tel:   203-325-2004
Fax:   203-325-0066
E-Mail Box: vin-pro-se@snet.net


## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, first class, on even date herewith, to the following counsel of record:

Attorney Joseph Hammer (Aquarion Water Company)Day, Berry and Howard, 1 City Place Hartford, Connecticut 06103, TEL: 860-275-0100, FAX: 860-275-0343

Attorney James Minor (City of Stamford), Office of Legal Affairs, City of Stamford, 888 Washington Boulevard, Stamford, Connecticut 06904, TEL: 203-977-4087, FAX: 203-977-5560

Attorney Andrew Graham ( Commissioner of Transportation), Office of Attorney General 55 Elm Street, Hartford, Connecticut 06106, TEL: 860-808-5114, FAX: 860-808-5090

*[signature]*
Vincent P. Larobina