UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT LAROBINA, | : | CIVIL ACTION NO. 3:03 CV 0217 (GLG) |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| COMMISSIONER OF TRANSPORTATION, | : | |
| STATE OF CONNECTICUT, et al., | : | |
| | : | |
| Defendants. | : | NOVEMBER 13, 2003 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO LIFT STAY OF PROCEEDINGS**

Defendant Aquarion Water Company of Connecticut ("Aquarion") submits this

Memorandum in opposition to the Motion to Lift Stay of Proceedings dated October 23, 2003

filed by plaintiff.  As set forth more fully below, plaintiff has not established any change in

circumstances warranting the lifting of the stay currently in effect.

In this action, plaintiff seeks relief in connection with a fire hydrant located on an

easement area on property owned by plaintiff which is also the subject of an action pending in

the Connecticut Superior Court for the Judicial District of Stamford entitled Larobina v.

Commissioner of Transportation, CV-02-0192666 (the "Superior Court Action").  By Order

dated June 25, 2003, the Court referred this action to Magistrate Judge William I. Garfinkel for

possible settlement.  Magistrate Judge Garfinkel scheduled a settlement conference for

September 26, 2003.  In accordance with Magistrate Judge Garfinkel's Order, Aquarion

submitted its confidential ex parte settlement conference memorandum on or about September

41454511_1.DOC

18, 2003.  On or about September 22, 2003, undersigned counsel received a telephone call from

Magistrate Judge Garfinkel's chambers advising that the settlement conference had been

postponed due to a conflict with Magistrate Judge Garfinkel's trial schedule and that the

conference would be rescheduled for another date.  Aquarion did not request a postponement of

the September 26 conference and is not aware of any such request by the other two defendants.

Given that the plaintiff's claims in this action arise from the same facts involved in the

Superior Court Action and that plaintiff seeks similar relief in both actions, including the removal

of the fire hydrant at issue from his property, Aquarion submits that this action should remain

stayed pending the completion of the settlement conference before Magistrate Judge Garfinkel.

(See Aquarion's Memorandum of Law in Support of Motion to Stay and for Referral dated April

3, 2003 and Reply Memorandum dated May 5, 2003).  The circumstances underlying the

issuance of the stay have not changed materially.  Moreover, the elimination of the

Commissioner of Transportation and the City of Stamford from the Superior Court Action does

not change the fact that the Superior Court Action and this action are overlapping.

As to plaintiff's assertion that he has been unable to seek "immediate relief" in this

action, the fact is that plaintiff never attempted to pursue temporary injunctive relief since the

filing of this action.[1]  Moreover, plaintiff's assertion that "defendants have plainly not availed

themselves of the opportunity accorded them by this Court to resolve this unlawful intrusion; but

---

[1] Plaintiff did seek temporary injunctive relief in the Superior Court Action and, following a hearing on January 6, 2003, the Superior Court (D'Andrea, J.T.R.) denied plaintiff's application for a temporary injunction.

41454511_1.DOC

rather, have exploited the stay for their collective purposes and benefits to the prejudice of the

plaintiff" is unfounded given that the settlement conference was postponed upon Judge

Magistrate Garfinkel's initiative.

Finally, it should be noted that plaintiff's appeal from the damage award issued by the

Connecticut Commissioner of Transportation in connection with the condemnation of the subject

easement, Commissioner of Transportation v. Larobina, CV-99-0170518, was recently decided

by the Superior Court (Callahan, J.T.R.) by Memorandum of Decision dated October 15, 2003.

Aquarion submits that having the benefit of the Superior Court's decision will be of assistance in

the settlement conference before Magistrate Judge Garfinkel.

For all of the foregoing reasons, Aquarion respectfully requests that plaintiff's motion be

denied and that this action remain stayed pending the completion of the settlement conference

before Magistrate Judge Garfinkel.

DEFENDANT, AQUARION WATER
COMPANY OF CONNECTICUT


Joseph L. Hammer (ct00446)
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
Telephone:  (860) 275-0100
Facsimile:   (860) 275-0343
E-mail: jlhammer@dbh.com
Its Attorney

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent this 13th day of November, 2003, via first class mail, postage prepaid to:

Vincent P. Larobina, Pro Se
113 Grove Street
Stamford, CT  06901
Tel:  (203) 325-2004
Fax: (203) 325-0066

Andrew Graham, Esq.
Assistant Attorney General
55 Elm Street
Hartford, CT  06106
Tel:  (860) 808-5114
Fax:  (860) 808-5090

James V. Minor, Esq.
Assistant Corporation Counsel
City Of Stamford
888 Washington Blvd.
P.O. Box 10152
Stamford, CT  06904-2152
Tel:  (203) 977-4087
Fax:  (203) 977-5560

_____
                          Joseph L. Hammer