| | |
|---|---|
| VINCENT P. LAROBINA | * |
|                 Plaintiff | * |
| V. | * |
| COMMISSIONER OF TRANSPORTATION STATE OF CONNECTICUT; | *   CASE NO: 3:03CV217 GLG |
| AQUARION WATER COMPANY; and | * |
| CITY ENGINEER, CITY OF STAMFORD | * |
|                 Defendants | *   NOVEMBER 24, 2003 |

FILED Nov 24 1 34 PM '03 U.S. DISTRICT COURT NEW HAVEN, CONN.

## PLAINTIFF'S REPLY MEMORANDUM: MOTION TO LIFT STAY OF PROCEEDINGS

On or about October 23, 2003, plaintiff filed with this Court his Motion to Lift the Stay of Proceedings currently in effect in this action. On or about November 13, 2003, Aquarion Water Company ("Aquarion") filed its Memorandum in Opposition.

Notably, the plaintiff respectfully underscores the fact that, though defendant Commissioner of Transportation (the "Commissioner") and defendant City of Stamford (the "City") initially joined in the original Motion to this Court requesting the stay, neither defendant apparently felt compelled to formulate an argument as to why the stay should remain in effect- neither having filed a Memorandum in Opposition to plaintiff's Motion to Lift the Stay,

In this regard, the plaintiff respectfully reminds the Court that the underlying issue in this action is the fact that a public fire hydrant has been installed on plaintiff's private property. The hydrant is the property of the City of Stamford- the placement of the hydrant runs inside an easement area on plaintiff's lawn condemned by Commissioner. As documented in correspondence attached as exhibits to plaintiff's original Motion in

1

Opposition to the Stay, the Commissioner affirmatively informed the City that the City was without legal right to use the easement for the purpose of the maintenance of a fire hydrant ("a fire hydrant is not appurtenant to a sidewalk easement"); and in kind, the City disavowed any responsibility for the placement of the hydrant thereon. But the Court will please note, that in the now three (3) years that the fire hydrant has unlawfully remained on plaintiff's property, the Commissioner has done absolutely nothing to demand the removal of the hydrant from its easement area; and the City has done absolutely nothing to remove its hydrant from plaintiff's property.

What the Court is left with is the compliant and accommodating defendant, Aquarion, that expends its financial resources to asserting a non-existent, frivolous and vexatious legal right, i.e. that Aquarion, a private corporation, has conferred unto itself the power of eminent domain by which to enter on plaintiff's property without the permission of the City or the Commissioner and install thereon a municipal fixture. Plainly, such a claim is a constitutional fiction.

The litigation posture of Aquarion was not without calculated purpose, and not without success. In the eminent domain Appeal in Stamford Superior Court heard before former Connecticut Supreme Court Chief Justice Robert Callahan (May 15, 2003), the Commissioner was able to disclaim any responsibility for the placement of the fire hydrant in the subject condemned easement area on plaintiff's lawn. As a consequence, Chief Justice Callahan was able to conclude that the easement area was not extensively used by the State - a conclusion the Court could not have reached had the placement of the fire hydrant been traced to its rightful source- the State. So, for example, where a neighboring property Grove Street had received $50,000 for the State's condemnation of virtually the

same amount of land, and the suffering of similar damage arising therefrom, the plaintiff received approximately $8,000.00 as just compensation.[1] This outcome was anticipated by the plaintiff long before the Appeal, and represents the precise reason why the plaintiff first filed this federal complaint alleging a conspiracy among the defendants intended to deprive the plaintiff of his civil rights.

Certainly, in ordering the current stay for the purpose of attempting to settle this federal action, this Court acted with the belief that the defendants were petitioning the Court in good faith. In plaintiff's view, however, the defendant's were never acting in good faith. From the inception of all disputes involving this matter, the plaintiff genuinely believes that the defendants were conspiring to deprive plaintiff of his constitutional rights- not the least of which, the deprivation of his right to just compensation for the State's condemnation by eminent domain.

The plaintiff prays the this Court will lift the pending stay, and allow the plaintiff to undo this cynical conspiracy to undermine a citizen's constitutional rights.

Respectfully Submitted,

Plaintiff, Pro Se

*Vincent P. Larobina*
Vincent P. Larobina
113 Grove Street
Stamford, Connecticut 06901
Tel:   203-325-2004
Fax:   203-325-0066
E-Mail Box: vin-pro-se@snet.net

---

[1] This matter has been appealed to the Connecticut Appellate Court.

3

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class, on even date herewith, to the following counsel of record:

Attorney Joseph Hammer (Aquarion Water Company) Day, Berry and Howard, 1 City Place Hartford, Connecticut 06103, TEL: 860-275-0100, FAX: 860-275-0343

Attorney James Minor (City of Stamford), Office of Legal Affairs, City of Stamford, 888 Washington Boulevard, Stamford, Connecticut 06904, TEL: 203-977-4087, FAX: 203-977-5560

Attorney Andrew Graham (Commissioner of Transportation), Office of Attorney General 55 Elm Street, Hartford, Connecticut 06106, TEL: 860-808-5114, FAX: 860-808-5090

Vincent P. Larobina - Pro Se