| | |
|---|---|
| VINCENT P. LAROBINA <br>              Plaintiff <br> V. <br><br> COMMISSIONER OF TRANSPORTATION <br> STATE OF CONNECTICUT; <br><br> AQUARION WATER COMPANY; and <br><br> CITY ENGINEER, CITY OF STAMFORD <br><br>             Defendants | CASE NO: 3:03CV217 GLG <br><br><br><br> March 31, 2004 |

## MOTION TO LIFT STAY OF PROCEEDINGS

On or about April 3, 2003, the defendants, Commissioner of Transportation (the "Commissioner") and Aquarion Water Company ("Aquarion") jointly- and the defendant City Engineer, City of Stamford (the "City") individually- filed motions with this Court requesting a stay of proceedings and a referral to a Judge Magistrate (Docket #17 and #19, respectively) The plaintiff, Vincent P. Larobina, objected to the request for stay, filing a Memorandum in Opposition on April 23, 2003 (Docket #20)

On or about June 25, 2003, the Court (Hon. Gerard L. Goettel, SUSDJ) granted the defendants' motions, staying the proceedings in this action "to the limited extent of referring the case to Magistrate Judge William I. Garfinkel for possible settlement".

On or about July 17, 2003, Judge Garfinkel ordered the parties to attend a settlement conference on September 26, 2003. In accordance with the Order, the plaintiff submitted his ex parte brief on or about September 18, 2003.

On or about September 22, 2003, the plaintiff was advised by the Court that the settlement conference had been cancelled. The plaintiff is unclear as to the exact reason

1

for the cancellation- originally plaintiff had understood that the conference was cancelled due to administrative conflicts at the Court, but subsequently plaintiff was informed that the conference was cancelled pursuant to the request of two (2) of the defendants' attorneys due to scheduling conflicts.

Ultimately, the settlement conference occurred on January 22, 2004, after which, Judge Garfinkel, having made a determination that further settlement discussions might be productive, order a stay in proceedings (appended hereto).

Regrettably, there has been little if any productive discussions for settlement since the institution of the afore mentioned stay. In fact, the stay specifically called for the litigants to hold a telephonic status conference in March 2004 to be arranged by defendant Aquarion's Attorney, Joseph Hammer, Esquire. March 2004 has past, and no telephonic conference has occurred.

The Stay ordered by Judge Garfinkel allowed that the "any party may move to lift the stay for good cause".

Accordingly, since the plaintiff believes that he is prejudiced by the delay in the adjudication of his claims filed over a year ago, since it is clear that the stay has produced no practical results and in that the defendants have not abided by the express provisions of the stay as to the telephone conference, the plaintiff respectfully requests that the stay be lifted for good cause.

Respectfully Submitted,

Plaintiff, Pro Se

*[signature]*

Vincent P. Larobina
113 Grove Street
Stamford, Connecticut 06901
Tel: 203-325-2004
Fax: 203-325-0066
E-Mail Box: vin-pro-se@snet.net

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class, on even date herewith, to the following counsel of record:

Attorney Joseph Hammer (Aquarion Water Company) Day, Berry and Howard, 1 City Place Hartford, Connecticut 06103, TEL: 860-275-0100, FAX: 860-275-0343

Attorney James Minor (City of Stamford), Office of Legal Affairs, City of Stamford, 888 Washington Boulevard, Stamford, Connecticut 06904, TEL: 203-977-4087, FAX: 203-977-5560

Attorney Andrew Graham (Commissioner of Transportation), Office of Attorney General 55 Elm Street, Hartford, Connecticut 06106, TEL: 860-808-5114, FAX: 860-808-5090

Attorney Mark Ostrowski, (Yankee Gas Company) Shipman and Goodwin, One America Row, Hafford, Connecticut 06106.

*[signature]*
Vincent P. Larobina

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 FEB -3  P 3:45

LAROBINA

V.

COMMISSIONER, ET AL.

US DISTRICT COURT
BRIDGEPORT CT

03CV217 STAY ORD

3:03CV217(GLG)

## ORDER OF STAY

The Court stays proceedings in this matter until June 4, 2004, or until further order of this Court. This order is without prejudice to the parties' rights to make appropriate motions or conduct trial preparation if this matter were not to resolve before the end of the stay. Moreover, any party may move to lift the stay for good cause.

It is further ordered, that the parties arrange with the Court to hold brief telephonic status conferences in March and May of 2004. The Court requests that Aquarian's counsel initiate those conferences and work with chambers to schedule them.

So ordered on January 20, 2004, at Bridgeport.

USMJ
Magistrate Judge William I. Garfinkel