| | |
|---|---|
| VINCENT P. LAROBINA<br>                        Plaintiff<br>V.<br><br>COMMISSIONER OF TRANSPORTATION<br>STATE OF CONNECTICUT;<br><br>AQUARION WATER COMPANY; and<br><br>CITY ENGINEER, CITY OF STAMFORD<br><br>                        Defendants | CASE NO: 3:03CV 217 GLG<br><br><br><br><br><br>MAY 10, 2004 |

## MOTION FOR MANDATORY INJUNCTION COMPELLING AQUARION WATER COMPANY TO REMOVE PUBLIC FIRE HYDRANT FROM PLAINTIFF'S PROPERTY

### I. PARTIES

1. The plaintiff, Vincent P. Larobina, at all times herein mentioned has been the owner of a certain tract of land situated at 111-113 Grove Street in the city of Stamford, with a multi family house occupied in part by the plaintiff and other improvements thereon.

2. On information and belief, Defendant, Commissioner of the Department of Transportation of the State of Connecticut (the "DOT") has offices at 2800 Berlin Turnpike, Newington, Connecticut and agent for process at 55 Elm Street, Hartford, Connecticut.

3. On information and belief, Defendant, Aquarion Water Company, f/k/a the Bridgeport Hydraulic Company, ("Aquarion") is a public utility regulated by the Connecticut Department of Public Utility Control and licensed to provide water services in Connecticut with its Connecticut corporate headquarters located at 837 Main Street in the City of Bridgeport, Connecticut.

1

4.     On information and belief, the City Engineer of the City of Stamford ( the "City Engineer" or "City"), is chief engineer in charge of Stamford's traffic engineering with offices at 888 Washington Boulevard in Stamford.

II.   **JURISDICTION**

5.   The jurisdiction on this Court in this action is invoked pursuant to the 14th Amendment to the United States Constitution and 42-U.S.C. §1983.

III.   **CLAIM FOR RELIEF- FACTS**

6.     The plaintiff owns property in Stamford, Connecticut bounded and described as "All that certain tract, or parcel of land, with the buildings thereon, situated in the City of Stamford, known as 111-113 Grove Street, and bounded northerly 183 feet, more or less, by land now or formerly of Minnie A. Wood, southerly 188 fee, more or less, by land now or formerly of Samuel Silverman, and westerly 54 feet, more or less, by Grove Street. Together with all right, title and interest in and to the said Highland Road and Grove Street to the center lines hereof," as recorded in a Warranty Deed dated March 13, 1981, **Volume 2016 at Page 334** of the Stamford Land Records.

7.     On or about February 17, 1999, the DOT filed with the Clerk of the Superior Court for the judicial district of Stamford/Norwalk at Stamford a pleading captioned **Notice of Condemnation and Assessment of Damages,** which pleading is an assessment of damages and benefits made by him pursuant to the provisions of **Connecticut General Statutes §§13a-73(b) and 13a-98e** purportedly authorizing him to do so, wherein the DOT found a portion of the plaintiff's premises necessary for the layout, alteration, extension, widening, change of grade or improvement of the highway commonly known as Grove Street in Stamford, Connecticut (the "Grove Street Project ") and acquired the same as an **easement**.

2

8.  The easement, is more particularly described at Vol 5203 p.50 of the Stamford Land Records and reads in significant part:

> "A full and perpetual easement to construct sidewalk within an area of 269 square feet, located between and opposite Stations 19+19.65.88 right BASE LINE, present Grove Street, as shown on said map."

9.  The area within the easement, in less technical terms, consists of the frontage of the plaintiff's property, which area is landscaped and bordered by a white picket fence.

10. At some point prior to the completion of the Grove Street Project in October 2001, public utility Aquarion, acting under the color of the DOT and the City of Stamford in connection with the Grove Street project, and under the jurisdiction of Conn. Gen. Stats. §§ 13-98f and/or 13a-98k (Exhibit A), wrongfully installed a public fire hydrant centrally within plaintiff's lawn and proximate to plaintiff's fence.

11. The DOT and the plaintiff are the sole parties holding legal title to the easement.

12. The plaintiff never authorized Aquarion to install a fire hydrant within the easement area, nor was plaintiff aware that Aquarion was the entity that purportedly authorized and completed the installation until January 2003.

13. The DOT purportedly never authorized Aquarion to place a fire hydrant in the easement. As set forth in Exhibit B, the DOT stated:

> The attached photographs, which were taken on October 18, 2002, show a fire hydrant positioned between Mr. Larobina's white-picket fence and the new sidewalk. The office has recently confirmed that the City of Stamford does not enjoy a defined easement for highway purposes along this parcel's frontage, and that a fire hydrant would not be considered appurtenant to a sidewalk easement.

14. In turn, as set forth in Exhibit C , the Stamford Office of Legal Affairs indicated on November 26, 2002:

3

"The City of Stamford Engineering Department has made me aware that a fire hydrant has been located on private property at the above address [plaintiff's property] without the property owner's consent....The purpose of this letter is to formally request that State DOT communicate to Bridgeport Hydraulic [Aquarion] the proper location for the hydrant so that it may be removed without undue delay."

15.   In addition to the fact that both the City of Stamford and the DOT have affirmatively indicated that the fire hydrant does not belong on plaintiff's property, Aquarion has specifically attested to the fact that the decision to install the fire hydrant on plaintiff's property was purportedly the unilateral decision of Aquarion employee, Fritz Jacques- without authorization from the City, State or his superiors: (Interrogatories: Exhibit D)

### INTERROGATORY 6 -

In its Answer and Special Defenses in this Action [State Action], Aquarion has admitted that it "relocated" a fire hydrant into the easement area of plaintiff's property (Count 4, ¶9.) In regard to this relocation:

1. As Project Coordinator at Aquarion, was Mr. Jacques the responsible party at Aquarion for authorizing the relocation of the fire hydrant into the easement area? If not, who was the responsible party at Aquarion for authorizing the relocation of the fire hydrant into the easement area?

   **Answer:**   Yes

2. Did Mr. Jacques consult with any individual who was superior to him in rank within the corporate hierarchy at Aquarion, prior to authorizing the relocation of the fire hydrant into the easement area ? If yes, please provide the name, address and phone number of that individual.

   **Answer:**   No

### INTERROGATORY 14

Prior to the relocation of the fire hydrant into the easement area by Aquarion, please provide the names of all individuals employed by the City of Stamford and/or the State of Connecticut who Aquarion notified, consulted, wrote, communicated with and/or contacted concerning the relocation of the fire hydrant into the easement area.

4

**Answer:** Aquarion did not discuss the relocation of the fire hydrant with the City or State prior to the relocation.

15.    Accordingly, Aquarion relocated a public fire hydrant onto plaintiff's private property purportedly based on its own authority, and (1) without consultation with the plaintiff who owns the property, (2) purportedly without authorization from the City of Stamford which owns the subject public fire hydrant and (3) purportedly without authorization from the DOT which is the sole other party with legal right to the easement where the hydrant is currently located.

16.    Despite due and repeated demand, Aquarion has refused, and continues to refuse, to remove the fire hydrant from plaintiff's property.

17.    Unless this Court enters an injunction compelling Aquarion to remove the fire hydrant, (1) plaintiff loses the use of the frontage of his property; (2) loses the ability to extend his picket fence to its proper position at the border of his property defeating the protective purpose of the fence; (3) is subject to extreme liability because this particular location is the drop off point for four school buses, twice daily, whereby plaintiff continues to be liable for any damage that may result from the lawful, unlawful, mischievous or authorized use of the hydrant or harm to school age children; (4) plaintiff's front yard and property is subject to extreme damage should the fire department be compelled to extinguish a fire by the use of the misplaced hydrant, (5) plaintiff continues to have to police the frontage of his property from passerby-debris for which the fence was installed; and (6) all resulting in uncertain damages that are incalculable. The plaintiff is irreparably harmed by the continuing unlawful occupation of his property and has no other remedy at

law to regain and retain his property rights as set forth here and in the attendant Memorandum of Law.

## IV.   PRAYER FOR RELIEF

Plaintiff seeks relief as follows:

1. A mandatory injunction ordering and directing Aquarion to remove the fire hydrant from plaintiff's property forthwith.

2. All other relief that may be just and proper.


                                            Respectfully Submitted,
                                            Plaintiff, Pro Se

                                            Vincent P. Larobina
                                            113 Grove Street
                                            Stamford, Connecticut 06901
                                            Tel:   203-325-2004
                                            Fax:   203-325-0066
                                            E-Mail Box: vin-pro-se@snet.net

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class, on even date herewith, to the following counsel of record:

Attorney Joseph Hammer (Aquarion Water Company) Day, Berry and Howard, 1 City Place Hartford, Connecticut 06103, TEL: 860-275-0100, FAX: 860-275-0343

Attorney James Minor (City of Stamford), Office of Legal Affairs, City of Stamford, 888 Washington Boulevard, Stamford, Connecticut 06904, TEL: 203-977-4087, FAX: 203-977-5560

Attorney Andrew Graham ( Commissioner of Transportation), Office of Attorney General 55 Elm Street, Hartford, Connecticut 06106, TEL: 860-808-5114, FAX: 860-808-5090

Vincent P. Larobina - Pro Se
113 Grove Street
Stamford, Connecticut 06901
Tel:   203-325-2004
Fax:   203-325-0066
E-Mail Box: vin-pro-se@snet.net

MAYOR
DANNEL P. MALLOY



CITY OF STAMFORD
OFFICE OF THE MAYOR

STAMFORD GOVERNMENT CENTER
888 WASHINGTON BOULEVARD
P.O. BOX 10152
STAMFORD, CT 06904-2152

(203) 977-4150
FAX (203) 977-5845

February 22, 2000

Mr. Fritz Jacques
Systems Relocation Coordinator
BHC Company
600 Lindley Street
P.O. Box 5243
Bridgeport, CT 06606

RE: Reconstruction of Grove Street
Project # 135-245
Utility Relocation

Dear Mr. Jacques:

The Connecticut Department of Transportation has asked us to inform you that the above referenced project construction is scheduled to commence in the Spring of 2000. Enclosed is a set of reduced scale plans and a copy of the special provisions of this project.

In accordance with Section 13a-98f and Section 13a-98k of the General Statutes of Connecticut, as revised, you are hereby ordered to adjust or relocate your facilities as detailed and specified on the enclosed plans prior to the commencement of construction or in cooperation with the contractor during construction. It is understood that the State of Connecticut will not participate in the cost of non-municipal utility adjustments or reallocations.

If you have any questions on this project please contact Mr. Mani S. Poola, Traffic Engineer at (203) 977-4237 or Mr. Frank Vonella, Staff Engineer at (203) 977-5694.

Sincerely,

Dannel P. Malloy
Mayor

cc: Sebastian J. Sbalcio, Conn. DOT
    Antonio Iaderola, City Engineer
    Mani S. Poola, Traffic Engineer
    Frank Vonella, Staff Engineer

Reg. # 103
0222001/DPM/MSP/ddj

EXHIBIT A

**DEPARTMENT OF TRANSPORTATION**                111-113 Grove Street
                                                 Stamford

# memorandum

date: October 23, 2002

to: Mr. Carl F. Bard
Manager of Consultant Design
Office of Engineering

from: John P. Randazzo    ext. 2380
Division Chief
Acquisition/Relocation
Office of Rights of Way

---

The Commissioner of Transportation was recently served with the attached complaint. In connection with the City's project to reconstruct Grove Street, the State acquired an easement to construct a sidewalk along the length of the subject property in February of 1999. According to the Plaintiff, Vincent P. Larobina, the Commissioner misused and over-burdened the easement by positioning a fire hydrant within the limits of the condemned easement area.

The attached photographs, which were taken on October 18, 2002, show a fire hydrant positioned between Mr. Larobina's white-picket fence and the new sidewalk. This office has recently confirmed that the City of Stamford does not enjoy a defined easement for highway purposes along this parcel's frontage, and that a fire hydrant would not be considered appurtenant to a sidewalk easement.

In consideration of this pending litigation, and unless the City is prepared to remove this fire hydrant, this office suggests the following:

- The City's consultant, Redniss & Mead, should be instructed to prepare a map showing a defined easement being acquired across the front of the subject property. The actual dimensions should mirror the sidewalk easement depicted on the mapping for Serial No. 17.

- Once this mapping is prepared, this office will expedite the rights of way appraisal and negotiations process in coordination with the Office of the Attorney General.

If you or your staff have any questions regarding this matter, please contact Mr. Robert Ike directly. He can be reached at extension 2444.

Attachments

John P. Randazzo/yt
cc: Brian J. Comerford, Assistant Attorney General
Drew Graham, Assistant Attorney General
Walter H. Coughlin
Michael W. Lonergan
Sebastian J. Sbalcio
James E. Lewis
Richard C. Allen – Robert Ike
John P. Randazzo

FROM THE DESK OF
SEBASTIAN J. SBALCIO

OCT 23 2002

EXHIBIT B

**MAYOR**
**DANNEL P. MALLOY**

ACTING
DIRECTOR OF LEGAL AFFAIRS
AND CORPORATION COUNSEL
**THOMAS M. CASSONE**

DEPUTY CORPORATION COUNSEL
**SYBIL V. RICHARDS**

ASSISTANT CORPORATION COUNSEL
**JAMES V. MINOR**
**JOHN W. MULLIN, JR.**
**KENNETH R. POVODATOR**
**BURT ROSENBERG**
**MICHAEL S. TOMA**

### CITY OF STAMFORD
OFFICE OF LEGAL AFFAIRS

888 WASHINGTON BOULEVARD
P.O. BOX 10152
STAMFORD, CT 06904-2152
(203) 977-4081
FAX (203) 977-5560

November 26, 2002

John P. Randazzo
Division Chief
Acquisition/Relocation
Office of Rights of Way
Department of Transportation
2800 Berlin Turnpike, P.O. Box 317546
Newington, CT 06131-7546

Re: 113 Grove Street, Stamford, Connecticut

Dear Mr. Randazzo:

The City of Stamford Engineering Department has made me aware that a fire hydrant has been located on private property at the above address without the property owner's consent. My understanding is that Bridgeport Hydraulic intends to move the hydrant off the private property once it receives from the State Department of Transportation confirmation of the proper placement. The purpose of this letter is to formally request that State DOT communicate to Bridgeport Hydraulic the proper location for the hydrant so that it may be moved without undue delay. The property owner has been in contact with the City and has voiced concerns over liability in the event of injury involving the hydrant.

Sincerely,

*[signature]*
Michael S. Toma
Assistant Corporation Counsel

EXHIBIT C

6.  The term "easement" shall be defined as in <u>Black's Law Dictionary (7th Edition)</u> "An interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose."

7.  The term "easement area" shall mean that specific portion of the frontage of the plaintiff's property at 111-113 Grove Street, Stamford, Connecticut condemned by the Commissioner of Transportation as an easement. The precise location of the easement area is more particularly described in the Amended Complaint in this action at Count One, ¶ 7.

## INTERROGATORIES

1.  Please provide the name, address, title and official capacity in the corporation of the person or persons answering these interrogatories.

    **RESPONSE:**  Fritz Jacques
    Aquarion Water Company of Connecticut
    600 Lindley Street
    Bridgeport, CT 06606
    Pipeline Program Coordinator

2.  Prior to answering these interrogatories did you make due and diligent search of your records, papers and due and diligent inquiry of your agents and employees, with a view to an eliciting of all information available completely answer these interrogatories?

    **RESPONSE:**  Defendant Aquarion Water Company of Connecticut ("Aquarion") objects to the foregoing Interrogatory on the grounds that it is beyond the scope of discovery authorized by the Practice Book, overly broad, unduly burdensome, vague and uncertain of meaning. Subject to and without waiving this objection, Aquarion has answered these interrogatories in accordance with the Practice Book.

3.  Please furnish the complete name, address, title and official capacity in the corporation of each person who aided or was consulted in the answering of these interrogatories.

    **RESPONSE:**  See response to Interrogatory No. 1.

4.  At the Injunction Hearing, Mr. Fritz Jacques, 12 Benedict Court, Norwalk, Connecticut identified himself as a "Project Coordinator" for Aquarion. Please answer the following in detail:

EXHIBIT D

-2-

corporate hierarchy at Aquarion; and please provide the name, address and phone number of each successive supervisor up to and including the level of a corporate vice president.

**RESPONSE:** Peter Galant
600 Lindley Street
Bridgeport, CT 06606
(203) 337-5903

6. In its Answer and Special Defenses in this Action, Aquarion has admitted that it "relocated" a fire hydrant into the easement area of plaintiff's property (Count 4, ¶9.) In regard to this relocation:

   A) As Project Coordinator at Aquarion, was Mr. Jacques the responsible party at Aquarion for authorizing the relocation of the fire hydrant into the easement area? If not, who was the responsible party at Aquarion for authorizing the relocation of the fire hydrant into the easement area?

**RESPONSE:** Yes.

   B) Did Mr. Jacques consult with any individual who was superior to him in rank within the corporate hierarchy at Aquarion, prior to authorizing the relocation of the fire hydrant into the easement area? If yes, please provide the name, address and phone number of that individual.

**RESPONSE:** No.

   C) As a matter of operating procedure, does Aquarion require that Mr. Jacques, in his capacity as Project Coordinator, consult with any of his superiors in rank within the corporate hierarchy at Aquarion prior to authorizing the relocation of a fire hydrant onto private property? If yes, please provide the name, address and phone number of that individual.

**OBJECTION:** Aquarion objects to the foregoing Interrogatory on the ground that the terms "as a matter of operating procedure" and "private property" are vague and uncertain of meaning.

   D) As a matter of operating procedure, does Aquarion require that Mr. Jacques, in his capacity as Project Coordinator, consult with any of his superiors in rank within the corporate hierarchy at Aquarion prior to authorizing the relocation of a fire hydrant

-5

EXHIBIT D1

12. What was the exact date when Aquarion relocated the fire hydrant into the easement area?

**RESPONSE:** The fire hydrant was installed on a portion of the easement area on or about August 30, 2002.

13. Once the fire hydrant was relocated into the easement area, did Aquarion ever move the fire hydrant again? If the answer is yes, please indicate any and all dates the fire hydrant was moved, and the reason(s) why the fire hydrant was moved.

**RESPONSE:** No.

14. Prior to the relocation of the fire hydrant into the easement area by Aquarion, please provide the names of all individuals employed by the City of Stamford and/or the State of Connecticut who Aquarion notified, consulted, wrote, communicated with and/or contacted concerning the relocation of the fire hydrant into the easement area.

**RESPONSE:** Aquarion did not discuss the relocation of the fire hydrant with the City or the State prior to the relocation.

15. Subsequent to the relocation of the fire hydrant into the easement area by Aquarion, please provide the names of all individuals employed by the City of Stamford and/or the State of Connecticut who Aquarion has notified, consulted, written, communicated with and/or contacted concerning the issue of the relocation of the fire hydrant into the easement area.

**RESPONSE:** Frank Vonella – City of Stamford
Kurt Von Hone – Connecticut Department of Transportation

16. As of the date of these Interrogatories, and if applicable as of the day of answering these Interrogatories, why has Aquarion not moved the fire hydrant from the easement area?

**RESPONSE:** Aquarion has denied plaintiff's allegations in this action that the location of the subject fire hydrant on a portion of the easement area taken by the Commissioner of Transportation of the State of Connecticut constitutes an act of trespass, civil theft and an unfair trade practice. On January 6, 2003, the Superior Court, (D'Andrea, J.) denied plaintiff's application for a temporary injunction pursuant to which plaintiff sought an order requiring the removal of the fire hydrant from the easement area.

17. As to the Americans with Disabilities Act, does Aquarion have the responsibility to decide whether or not the placement of a fire hydrant is in compliance with said Act? If not, who

-8   EXHIBIT D 2

## VERIFICATION

I, Fritz Jacques, Pipeline Program Coordinator of Aquarion Water Company of Connecticut, state that I have reviewed the foregoing answers to Plaintiff's First Set of Interrogatories and Requests for Production, and that said answers are true and accurate to the best of my knowledge, information and belief.

_____
Fritz Jacques

Subscribed and sworn to before me this 20th day of June, 2003, by Fritz Jacques, Pipeline Program Coordinator of Aquarion Water Company of Connecticut.

_____
Notary Public
My Commission Expires: 6/30/04

-12-                                    EXHIBIT D3

| | |
|---|---|
| VINCENT P. LAROBINA | * |
|                  Plaintiff | * |
| V. | * |
| | * |
| COMMISSIONER OF TRANSPORTATION | *    CASE NO: 3:03CV 217 GLG |
| STATE OF CONNECTICUT; | * |
| | * |
| AQUARION WATER COMPANY; and | * |
| | * |
| CITY ENGINEER, CITY OF STAMFORD | * |
| | * |
|                  Defendants | *    MAY 10, 2004 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFICATION

The plaintiff verifies that this motion is based on the pleadings and papers on file in this action; that this Motion and Notice of same with all appended exhibits, including the attendant Memorandum of Law and any exhibits appended thereto, are true and accurate to the best of plaintiff's knowledge; and that the same have been certified served on counsel as required.

                                Vincent P. Larobina
                                Plaintiff, Pro Se
                                113 Grove Street
                                Stamford, Connecticut
                                Tel: 203-325-2004   Fax: 203-325-0066

STATE OF CONNECTICUT

    TOWN OF STAMFORD, COUNTY OF FAIRFIELD

On _May 10, 2004_

    Personally appeared before me, Vincent P. Larobina, and made oath to the truth of the matters contained in the foregoing VERIFICATION and appended exhibits, before me:

                                Notary Public

My Commission expires on _10/31/2005_

CAMILO DUQUE, JR.
Notary Public, State of Connecticut
My Commission Expires Oct. 31, 2005