UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT LAROBINA | : | CIVIL ACTION NO. 3:03 CV 0217 (GLG) |
| Plaintiff, | : | |
| VS. | : | |
| COMMISSIONER OF TRANSPORTATION, STATE OF CONNECTICUT, et al. | : | |
| Defendants. | : | MAY 28, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY OF PROCEEDINGS

Defendant Aquarion Water Company of Connecticut ("Aquarion") respectfully submits this memorandum of law in support of its motion to dismiss or, in the alternative, for stay of proceedings. Aquarion's motion is based on the existence of a related prior pending state court action.

As set forth below, plaintiff is prosecuting simultaneously in state and federal courts overlapping claims arising from common underlying facts. The controlling issues upon which this action is premised will be determined in the state action, which was commenced prior to this action. Plaintiff's prosecution of this action is therefore contrary to the interests of judicial

economy, unduly burdensome and potentially prejudicial to the defendants, and conflicts with the policy of avoiding potentially conflicting judicial decisions.

I. **FACTS**

The claims asserted by plaintiff in this action are inextricably intertwined with the claims that he has asserted in a prior pending state court action. The claims asserted in each action are summarized below.

*The State Action*

By complaint dated November 18, 2002, plaintiff commenced an action against Aquarion, the Commissioner of Transportation of the State of Connecticut (the "Commissioner") and the City Engineer of the City of Stamford (the "City") in Connecticut Superior Court entitled Larobina v. Comm'r of Transp., Docket No. CV-02-0192666-S (the "Superior Court Action"). The Superior Court Action was premised on the scope and validity of an easement taken by the Commissioner over a portion of plaintiff's property in connection with the Grove Street Project in Stamford, Connecticut, and the propriety of the placement of a fire hydrant in the easement area. (See Rev. Am. Compl. dated Feb. 26, 2004 (hereinafter "State Compl."), attached hereto as Ex. A (Count One.))[1] Specifically, plaintiff claims in the Superior Court Action that Aquarion placed a

---

[1] Plaintiff subsequently added Yankee Gas Company ("Yankee Gas") as a defendant and withdrew his claims against the Commissioner and the City.

-2-

fire hydrant on the portion of plaintiff's property encumbered by the easement in an unauthorized manner and that Aquarion's conduct constitutes common law trespass, a civil theft, and an unfair trade practice under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42 – 110a(3) and (4). Plaintiff also asserts claims of negligence and negligent infliction of emotional distress. (State Compl., Counts 1 through 5.) Plaintiff asserts similar claims against Yankee Gas in connection with the placement of a gas cap on the portion of plaintiff's property encumbered by the disputed easement. (State Compl., Counts 6 through 9.)[2] Plaintiff seeks money damages from both Aquarion and Yankee Gas, as well as an injunction requiring removal of the fire hydrant and the gas cap.[3]

### *The Federal Action*

In the action before this Court, brought by complaint dated January 31, 2003, plaintiff seeks relief in connection with the same easement and fire hydrant that are the subject of the Superior Court Action. In Count One, plaintiff challenges the reason for the Commissioner's

---

[2] Also pending in the state court system is plaintiff's challenge to the compensation awarded him by the Commissioner in connection with the condemnation of the subject easement (the "Condemnation Appeal"), Comm'r of Transp. v. Larobina, No. CV-99-0170518, Superior Court. Following the trial of that action and the entry of judgment by Judge Trial Referee (and former Chief Justice) Robert Callahan, plaintiff took an appeal to the Connecticut Appellate Court, Comm'r of Transp. v. Larobina, A.C. No. 24780.

[3] Following an evidentiary hearing on January 6, 2003, the Superior Court (D'Andrea, J.) denied plaintiff's motion for temporary injunction seeking removal of the fire hydrant.

condemnation of the easement and claims that the condemnation statute utilized by the Commissioner, Conn. Gen. Stat. § 13a-73(b), is vague and unconstitutional.[4] In Count Two, plaintiff claims that defendant Aquarion trespassed on his property by installing the fire hydrant and thereby violated 42 U.S.C. § 1983. (Compare State Compl., Count One.) In Count Three, plaintiff asserts that Aquarion violated 42 U.S.C. § 1983 by violating CUTPA, Conn. Gen. Stat. §§ 42-110a(3) and (4). (Compare State Compl., Count Five.) In Count Four, plaintiff maintains that the City violated 42 U.S.C. § 1983 by failing to remove the hydrant. In Count Five, plaintiff alleges a conspiracy among the defendants to maintain the fire hydrant on his property in violation of § 1983. Plaintiff seeks a declaratory judgment that Conn. Gen. Stat. § 13a-73b is unconstitutional, an order requiring the Commissioner to reform the easement, compensatory damages, punitive damages and an order requiring the removal of the fire hydrant.

In short, the Superior Court Action and this action both revolve around the easement taken by the Commissioner and the legality of the placement of the fire hydrant on the easement area. Plaintiff's claims in this action against Aquarion are premised upon claims of trespass and unfair trade practices that are also asserted in the Superior Court Action. Moreover, the § 1983 claims against all three defendants in this action rest upon the claim underlying the Superior Court Action that the placement of the fire hydrant on plaintiff's property is unauthorized and illegal.

---

[4] Plaintiff asserted such a claim in the Superior Court Action prior to withdrawing the case as to the Commissioner.

-4-

Adjudication of plaintiff's federal claims therefore requires a determination of the state law issues of the scope of the easement and the propriety of the placement of the fire hydrant on the easement, and the state law claims of trespass and unfair trade practices, all of which are the subject of and will be adjudicated in the Superior Court Action.

## II. ARGUMENT

### A. Legal Standard

Although not expressly authorized by Rule 12(b), a motion to dismiss is the appropriate vehicle to seek dismissal of a federal action where an earlier filed action relating to the same dispute is pending. See 5A Wright & Miller, Federal Practice and Procedure § 1360. Under such circumstances, the decision to dismiss a later filed action is committed to the district court's discretion. See Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991). "Where there are two competing lawsuits, **the first suit should have priority**, absent the showing of balance of convenience . . . or . . . special circumstances giving priority to the second . . . It is proper to either stay or dismiss the subsequently filed case in deference to the earlier-filed case . . . . Dismissal is appropriate where an identity of issues exists and the controlling issues in the dismissed action will be determined in the other lawsuit." Odesina v. St. Francis Hosp., No. 3:01CV1091 (PCD), 2002 U.S. Dist. LEXIS 27336, at *3 (D. Conn. Feb. 26, 2002) (alterations in original; citations omitted; internal quotation marks omitted) (emphasis added) (granting motion to dismiss on ground of prior pending action). See also Lesavoy v. Lane, 304 F. Supp. 2d 520, 535 (S.D.N.Y. 2004) ("Under this [prior pending

-5-

action] doctrine, 'the Court has the inherent power to dismiss or stay [an] action in favor of the [prior] litigation presenting the same claims and issues.'")

"Neither the addition of defendants nor the expansion of claims is dispositive [to the court's decision to dismiss a suit due to a prior pending action]. Courts have repeatedly ruled that parties and issues need not be identical in order for one action to be stayed or dismissed in deference to an earlier action." Lesavoy, 304 F. Supp. 2d at 536 (alterations in original; internal quotation marks omitted). "The relevant factors in determining whether to grant a stay or a dismissal because of litigation pending in another forum include the adequacy of relief available in the alternative forum, the promotion of judicial efficiency, the identity of the parties and the issues in the two actions, the likelihood of prompt resolution in the alternative forum, the convenience of parties, counsel and witnesses, the possibility of prejudice to any party, and the temporal sequence of filing for each action." Continental Time Corp. v. Swiss Credit Bank, 543 F. Supp. 408, 410 (S.D.N.Y. 1982).

B.    This Action Should Be Dismissed Based On The Prior Pending Action Doctrine.

This Court should dismiss this action based on the prior pending action doctrine because of the intertwining of the claims asserted here with those made in the earlier filed Superior Court Action. Application to the instant circumstances of the factors used in determining whether to dismiss an action based on the prior pending action doctrine weighs heavily in favor of dismissal.

The controlling issues in this action will be determined in the Superior Court Action. These issues rest on facts common to both the state and federal actions, as well as on state common law and statutory claims asserted in the Superior Court Action. If plaintiff does not establish in the Superior Court Action that the placement of the hydrant on his property was wrongful, then he cannot prevail on his claims in this action against Aquarion. This is because plaintiff's § 1983 claims against Aquarion are based on purported common law trespass and CUTPA causes of action – the very same trespass and CUTPA causes of action alleged in the earlier filed state law action. (Compare Federal Compl., Count One and Count Three, to State Compl., Count One and Count Five.) Similarly, plaintiff's claim against the City and his § 1983 claim against the Commissioner rest on the claims made in the Superior Court Action as to the scope of the easement and wrongful placement of the fire hydrant. In short, Counts Two through Five of this action hinge on the scope of the easement taken by the Commissioner and the propriety of the placement of a fire hydrant for public safety purposes on the easement area, issues that are central to and will be determined in the Superior Court Action.[5]

---

[5] Although neither an identity of parties nor issues is required to merit dismissal under the prior pending action doctrine; see Lesavoy, 304 F. Supp. 2d at 536; Aquarion is party to both actions. The Commissioner and City were also parties to both actions until approximately three months ago when the plaintiff amended his state complaint to withdraw his state claims against those defendants. Further, the placement of the fire hydrant on plaintiff's property is the basis for both actions.

Given that plaintiff cannot establish his claims against Aquarion in this action (or his § 1983 claims against any of the defendants) if he does not establish in the Superior Court Action that the fire hydrant was wrongfully placed on his property, the litigation of this action would be burdensome and potentially prejudicial to the defendants. Such litigation would also be contrary to the interests of judicial economy, as this Court would be devoting resources to the adjudication of an action that may be rendered moot by the disposition of the Superior Court Action. Moreover, the litigation of two actions simultaneously could potentially lead to inconsistent judicial determinations.

Plaintiff brought the Superior Court Action in late November, 2002, and filed this action more than two months later. Discovery has commenced in the Superior Court Action, but has not commenced in this action. In addition, an evidentiary hearing has been held by the state court on plaintiff's request for temporary injunction. The state court clearly provides a forum where adequate relief may be obtained both in terms of the monetary and injunctive remedies sought by plaintiff. None of the claims in this action are exclusively committed to federal jurisdiction. Finally, the state court is a convenient forum for counsel, parties and witnesses.

In short, the clear balance of factors weighs heavily towards dismissing this action in favor of the earlier filed state court action. The prior pending action doctrine operates to address precisely the situation presented here, where plaintiff is seeking to litigate the same issues in two

different fora with all the attendant redundancy, inefficiency and potential prejudice and conflicts that such a course entails.

      C.    In The Alternative, The Court Should Stay This Action Because of the Prior Pending State Action

If this Court were to decline to dismiss this action, then, for all the reasons set forth above in support of a dismissal, Aquarion submits that this action should be stayed pending final resolution of the Superior Court Action. This Court has the inherent power to regulate its docket in the interest of judicial economy and efficiency for the parties and, in its discretion, may stay this action. See Landis v. N. Am. Co., 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") See also Citrus Mktg. Bd. v. J. Lauritzen A/S, 943 F.2d 220, 225 (2d Cir. 1991) (same).

### III. CONCLUSION

For all of the foregoing reasons, Aquarion respectfully submits that the Court should dismiss this action or, in the alternative, stay this action pending the resolution of the prior pending state court action.

DEFENDANT, AQUARION WATER
COMPANY OF CONNECTICUT


_____
Joseph L. Hammer (ct00446)
Alex G. Filotto (ct22780)
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
Telephone: (860) 275-0100
Facsimile: (860) 275-0343
E-mail: jlhammer@dbh.com
E-mail: afilotto@dbh.com
Its Attorneys

## CERTIFICATION

      THIS IS TO CERTIFY that a copy of the foregoing was sent this 28th day of May, 2004, via first class mail, postage prepaid to:

Vincent P. Larobina, Pro Se
113 Grove Street
Stamford, CT  06901
Tel:  (203) 325-2004
Fax: (203) 325-0066

Andrew Graham, Esq.
Assistant Attorney General
55 Elm Street
Hartford, CT  06106
Tel: (860) 808-5114
Fax: (860) 808-5090

James V. Minor, Esq.
Assistant Corporation Counsel
City Of Stamford
888 Washington Blvd.
P.O. Box 10152
Stamford, CT  06904-2152
Tel: (203) 977-4087
Fax: (203) 977-5560

                                            _____
                                              Alex G. Filotto