```
VINCENT P. LAROBINA                    *
                      Plaintiff        *
V.                                     *
                                       *
COMMISSIONER OF TRANSPORTATION         *   CASE NO: 3:03CV 217 GLG
STATE OF CONNECTICUT;                  *
                                       *
AQUARION WATER COMPANY: and            *
                                       *
CITY ENGINEER, CITY OF STAMFORD        *   JUNE 8, 2004
                                       *
                      Defendants       *
***************************************
```

FILED
U.S. DISTRICT COURT
NEW HAVEN, CONN.

## REQUEST FOR PERMISSION TO WITHDRAW MOTION FOR MANDATORY INJUNCTION COMPELLING AQUARION WATER COMPANY TO REMOVE PUBLIC FIRE HYDRANT FROM PLAINTIFF'S PROPERTY

On or about May 10, 2004, the plaintiff, Vincent P. Larobina, respectfully moved this Court to issue a mandatory injunction ordering Defendant Aquarion Water Company to remove a fire hydrant unlawfully placed on plaintiff's property.

On June 3, 2004, Aquarion filed a Memorandum of Law in Opposition to the Mandatory Injunction asserting that the matter had become moot because Aquarion had since removed the fire hydrant.

Actually, the matter is not moot. The effect of a mandatory injunction would be to place the movant back to his/her original position at the time of the transgression complained of.

In removing the fire hydrant, Aquarion excavated an area of approximately 50 square feet of lawn, which area is now loosely packed dirt. To place plaintiff back in his original position, Aquarion should have re-sodded the area, or at least, packed the dirt

1

properly and seeded new grass. It did neither.

Additionally, plaintiff has reason to belief that Aquarion allowed piping to remain beneath the specified area. As Aquarion constantly points out to its customers, Aquarion is not responsible for any water piping once it is situated on a customer's property, and the property owner is responsible for damage that might result from the deterioration of such piping.

However, notwithstanding the fact that the plaintiff is not in his original position from the time of Aquarion's unlawful installation of the hydrant on plaintiff's property, the major condition has been meet. Therefore, plaintiff respectfully requests that he be allowed to withdraw the petition for injunction in deference to this Honorable Court's time.

The plaintiff can pursue the concerns stated above within his Complaint proper.

*[signature]*

Vincent P. Larobina
113 Grove Street
Stamford, Connecticut 06901
Tel:   203-325-2004
Fax:   203-325-0066

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class, on even date herewith, to the following counsel of record:

Attorney Joseph Hammer (Aquarion Water Company)
Day, Berry and Howard
1 City Place
Hartford, Connecticut 06103
TEL: 860-275-0100
FAX: 860-275-0343


Attorney James Minor (City of Stamford)
Office of Legal Affairs
City of Stamford
888 Washington Boulevard
Stamford, Connecticut 06904
TEL: 203-977-4087
FAX: 203-977-5560


Attorney Drew Graham ( Commissioner of Transportation)
Office of Attorney General
55 Elm Street
Hartford, Connecticut 06106
TEL: 860-808-5114
FAX: 860-808-5090


Vincent P. Larobina