

MAYOR
DANNEL P. MALLOY



CITY OF STAMFORD
OFFICE OF THE MAYOR

STAMFORD GOVERNMENT CENTER
888 WASHINGTON BOULEVARD
P.O. BOX 10152
STAMFORD, CT 06904-2152

(203) 977-4150
FAX (203) 977-5845

February 22, 2000

Mr. Fritz Jacques
Systems Relocation Coordinator
BHC Company
800 Lindley Street
P.O. Box 5243
Bridgeport, CT 06606

RE:    Reconstruction of Grove Street
       Project # 135-245
       Utility Relocation

Dear Mr. Jacques:

The Connecticut Department of Transportation has asked us to inform you that the above referenced project construction is scheduled to commence in the Spring of 2000. Enclosed is a set of reduced scale plans and a copy of the special provisions of this project.

In accordance with Section 13a-98f and Section 13a-98k of the General Statutes of Connecticut, as revised, you are hereby ordered to adjust or relocate your facilities as detailed and specified on the enclosed plans prior to the commencement of construction or in cooperation with the contractor during construction. It is understood that the State of Connecticut will not participate in the cost of non-municipal utility adjustments or reallocations.

If you have any questions on this project please contact Mr. Mani S. Poola, Traffic Engineer at (203) 977-4237 or Mr. Frank Vonella, Staff Engineer at (203) 977-5694.

Sincerely,

Dannel P. Malloy
Mayor

cc:    Sebastian J. Sbalcio, Conn. DOT
       Antonio Iadarola, City Engineer
       Mani S. Poola, Traffic Engineer
       Frank Vonella, Staff Engineer

Reg. # 105
0222001/DPM/MSP/dd

EXHIBIT A

# m e m o r a n d u m

date:      October 23, 2002

to:    Mr. Carl F. Bard
       Manager of Consultant Design
       Office of Engineering

from:   John P. Randazzo          ext. 2380
        Division Chief
        Acquisition/Relocation
        Office of Rights of Way

The Commissioner of Transportation was recently served with the attached complaint. In connection with the City's project to reconstruct Grove Street, the State acquired an easement to construct a sidewalk along the length of the subject property in February of 1999. According to the Plaintiff, Vincent P. Larobina, the Commissioner misused and over-burdened the easement by positioning a fire hydrant within the limits of the condemned easement area.

The attached photographs, which were taken on October 18, 2002, show a fire hydrant positioned between Mr. Larobina's white-picket fence and the new sidewalk. This office has recently confirmed that the City of Stamford does not enjoy a defined easement for highway purposes along this parcel's frontage, and that a fire hydrant would not be considered appurtenant to a sidewalk easement.

In consideration of this pending litigation, and unless the City is prepared to remove this fire hydrant, this office suggests the following:

- The City's consultant, Redniss & Mead, should be instructed to prepare a map showing a defined easement being acquired across the front of the subject property. The actual dimensions should mirror the sidewalk easement depicted on the mapping for Serial No. 17.

- Once this mapping is prepared, this office will expedite the rights of way appraisal and negotiations process in coordination with the Office of the Attorney General.

If you or your staff have any questions regarding this matter, please contact Mr. Robert Ike directly. He can be reached at extension 2444.

Attachments

John P. Randazzo/yr
cc:   Brian J. Comerford, Assistant Attorney General
      Drew Graham, Assistant Attorney General
      Walter H. Coughlin
      Michael W. Lonergan
      Sebastian J. Sbalcio
      James E. Lewis
      Richard C. Allen – Robert Ike
      John P. Randazzo

FROM THE DESK OF
SEBASTIAN J. SBALCIO

OCT 2 3 2002

EXHIBIT B



MAYOR
**DANNEL P. MALLOY**

ACTING
DIRECTOR OF LEGAL AFFAIRS
AND CORPORATION COUNSEL
**THOMAS M. CASSONE**

DEPUTY CORPORATION COUNSEL
**SYBIL V. RICHARDS**

ASSISTANT CORPORATION COUNSEL
**JAMES V. MINOR
JOHN W. MULLIN, JR.
KENNETH S. POVODATOR
BURT ROSENBERG
MICHAEL S. TOMA**

### CITY OF STAMFORD
### OFFICE OF LEGAL AFFAIRS

888 WASHINGTON BOULEVARD
P.O. BOX 10152
STAMFORD, CT 06904-2152
(203) 977-4081
FAX (203) 977-5560

November 26, 2002

John P. Randazzo
Division Chief
Acquisition/Relocation
Office of Rights of Way
Department of Transportation
2800 Berlin Turnpike, P.O. Box 317546
Newington, CT 06131-7546

Re: 113 Grove Street, Stamford, Connecticut

Dear Mr. Randazzo :

The City of Stamford Engineering Department has made me aware that a fire hydrant has been located on private property at the above address without the property owner's *[CONSENT]* → consent. My understanding is that Bridgeport Hydraulic intends to move the hydrant off the private property once it receives from the State Department of Transportation confirmation of the proper placement. The purpose of this letter is to formally request that State DOT communicate to Bridgeport Hydraulic the proper location for the hydrant so that it may be moved without undue delay. The property owner has been in contact with the City and has voiced concerns over liability in the event of injury involving the hydrant.

Sincerely,

Michael S. Toma
Assistant Corporation Counsel

**EXHIBIT C**

MAYOR
DANNEL P. MALLOY

ACTING
DIRECTOR OF LEGAL AFFAIRS
AND CORPORATION COUNSEL
THOMAS M. CASSONE

DEPUTY CORPORATION COUNSEL
SYBIL V. RICHARDS

ASSISTANT CORPORATION COUNSEL
JAMES V. MINOR
JOHN W. MULLIN, JR.
KENNETH B. POVODATOR
BURT ROSENBERG
MICHAEL S. TOMA

**CITY OF STAMFORD**
**OFFICE OF LEGAL AFFAIRS**

888 WASHINGTON BOULEVARD
P.O. BOX 10152
STAMFORD, CT 06904-2152
(203) 977-4081
FAX (203) 977-5560

November 26, 2002


John P. Randazzo
Division Chief
Acquisition/Relocation
Office of Rights of Way
Department of Transportation
2800 Berlin Turnpike, P.O. Box 317546
Newington, CT 06131-7546


### Re: 113 Grove Street, Stamford, Connecticut


Dear Mr. Randazzo :

The City of Stamford Engineering Department has made me aware that a fire hydrant has been located on private property at the above address without the property owner's consent. My understanding is that Bridgeport Hydraulic intends to move the hydrant off the private property once it receives from the State Department of Transportation confirmation of the proper placement. The purpose of this letter is to formally request that State DOT communicate to Bridgeport Hydraulic the proper location for the hydrant so that it may be moved without undue delay. The property owner has been in contact with the City and has voiced concerns over liability in the event of injury involving the hydrant.

Sincerely,

Michael S. Toma
Assistant Corporation Counsel

6.    The term "easement" shall be defined as in Black's Law Dictionary (7th Edition) "An interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose."

7.    The term "easement area" shall mean that specific portion of the frontage of the plaintiff's property at 111-113 Grove Street, Stamford, Connecticut condemned by the Commissioner of Transportation as an easement. The precise location of the easement area is more particularly described in the Amended Complaint in this action at Count One, ¶ 7.

## INTERROGATORIES

1.    Please provide the name, address, title and official capacity in the corporation of the person or persons answering these interrogatories.

**RESPONSE:**        Fritz Jacques
              Aquarion Water Company of Connecticut
              600 Lindley Street
              Bridgeport, CT 06606
              Pipeline Program Coordinator

2.    Prior to answering these interrogatories did you make due and diligent search of your records, papers and due and diligent inquiry of your agents and employees, with a view to an eliciting of all information available completely answer these interrogatories?

**RESPONSE:**        Defendant Aquarion Water Company of Connecticut ("Aquarion") objects to the foregoing Interrogatory on the grounds that it is beyond the scope of discovery authorized by the Practice Book, overly broad, unduly burdensome, vague and uncertain of meaning. Subject to and without waiving this objection, Aquarion has answered these interrogatories in accordance with the Practice Book.

3.    Please furnish the complete name, address, title and official capacity in the corporation of each person who aided or was consulted in the answering of these interrogatories.

**RESPONSE:**        See response to Interrogatory No. 1.

4.    At the Injunction Hearing, Mr. Fritz Jacques, 12 Benedict Court, Norwalk, Connecticut identified himself as a "Project Coordinator" for Aquarion. Please answer the following in detail:

EXHIBIT D

-2-

corporate hierarchy at Aquarion; and please provide the name, address and phone number of each successive supervisor up to and including the level of a corporate vice president.

**RESPONSE:**    Peter Galant
600 Lindley Street
Bridgeport, CT 06606
(203) 337-5903

6.    In its Answer and Special Defenses in this Action, Aquarion has admitted that it "relocated" a fire hydrant into the easement area of plaintiff's property (Count 4, ¶9.) In regard to this relocation:

A)    As Project Coordinator at Aquarion, was Mr. Jacques the responsible party at Aquarion for authorizing the relocation of the fire hydrant into the easement area? If not, who was the responsible party at Aquarion for authorizing the relocation of the fire hydrant into the easement area?

**RESPONSE:**    Yes.

B)    Did Mr. Jacques consult with any individual who was superior to him in rank within the corporate hierarchy at Aquarion, prior to authorizing the relocation of the fire hydrant into the easement area ?  If yes, please provide the name, address and phone number of that individual.

**RESPONSE:**    No.

C)    As a matter of operating procedure, does Aquarion require that Mr. Jacques, in his capacity as Project Coordinator, consult with any of his superiors in rank within the corporate hierarchy at Aquarion prior to authorizing the relocation of a fire hydrant onto private property?  If yes, please provide the name, address and phone number of that individual.

**OBJECTION:**    Aquarion objects to the foregoing Interrogatory on the ground that the terms "as a matter of operating procedure" and "private property" are vague and uncertain of meaning.

D)    As a matter of operating procedure, does Aquarion require that Mr. Jacques, in his capacity as Project Coordinator, consult with any of his superiors in rank within the corporate hierarchy at Aquarion prior to authorizing the relocation of a fire hydrant

-5

EXHIBIT D1

12.     What was the exact date when Aquarion relocated the fire hydrant into the easement area?

**RESPONSE:**          The fire hydrant was installed on a portion of the easement area on or about August 30, 2002.

13.     Once the fire hydrant was relocated into the easement area, did Aquarion ever move the fire hydrant again? If the answer is yes, please indicate any and all dates the fire hydrant was moved, and the reason(s) why the fire hydrant was moved.

**RESPONSE:**          No.

14.     Prior to the relocation of the fire hydrant into the easement area by Aquarion, please provide the names of all individuals employed by the City of Stamford and/or the State of Connecticut who Aquarion notified, consulted, wrote, communicated with and/or contacted concerning the relocation of the fire hydrant into the easement area.

**RESPONSE:**          Aquarion did not discuss the relocation of the fire hydrant with the City or the State prior to the relocation.

15.     Subsequent to the relocation of the fire hydrant into the easement area by Aquarion, please provide the names of all individuals employed by the City of Stamford and/or the State of Connecticut who Aquarion has notified, consulted, written, communicated with and/or contacted concerning the issue of the relocation of the fire hydrant into the easement area.

**RESPONSE:**          Frank Vonella – City of Stamford
                            Kurt Von Hone – Connecticut Department of Transportation

16.     As of the date of these Interrogatories, and if applicable as of the day of answering these Interrogatories, why has Aquarion not moved the fire hydrant from the easement area?

**RESPONSE:**          Aquarion has denied plaintiff's allegations in this action that the location of the subject fire hydrant on a portion of the easement area taken by the Commissioner of Transportation of the State of Connecticut constitutes an act of trespass, civil theft and an unfair trade practice. On January 6, 2003, the Superior Court, (D'Andrea, J.) denied plaintiff's application for a temporary injunction pursuant to which plaintiff sought an order requiring the removal of the fire hydrant from the easement area.

17.     As to the Americans with Disabilities Act, does Aquarion have the responsibility to decide whether or not the placement of a fire hydrant is in compliance with said Act? If not, who

     **EXHIBIT D 2**

**Exhibit E**

O'CONNOR v. WETHERSFIELD BD. OF EDUCATION, No. CV 01-0808376S (May 20, 2003)

THOMAS O'CONNOR v. WETHERSFIELD BOARD OF EDUCATION.

*2003 Ct. Sup. 7210, 34 CLR 621*

No. CV 01-0808376S

Superior Court

Judicial District of Hartford at Hartford.

May 20, 2003

*MEMORANDUM OF DECISION ON MOTION TO DISMISS* BOOTH, JUDGE. The defendant, Wethersfield Board of Education, has moved to dismiss the above-captioned matter based upon the prior pending action doctrine. The defendant had previously filed a similar motion. The previous motion to dismiss was dated August 9, 2001 and date stamped by the clerk's office on August 13, 2001. The plaintiff's appearance was dated July 9, 2001 and date stamped in the clerk's office on July 10, 2001. Thus, it appears that the original motion to dismiss was not filed within 30 days of the defendant's appearance. On September 25, 2001, Judge Hale denied the defendant's motion to dismiss which had been pressed on the same grounds as the instant motion. It does not appear that the timeliness of the motion entered into Judge Hale's opinion. It is true, as the defendant's argue, that both parties believed that the counts in the federal action were about to be dismissed by the federal court and so informed Judge Hale. In fact, those counts have not been dismissed. Clearly some of the claims in the federal case are similar, if not identical, to the claims in the state case. Equally clearly, there are claims in the state case that are not in the federal case. The Court notes that the return date in the present state action was June 26, 2001 and that the parties are scheduled to begin picking a jury on June 18, 2003, approximately 30 days from now. *DISCUSSION* In its brief, the defendant states "the prior pending action rule does not truly implicate that the subject matter jurisdiction of the court . . ." *Halpern v. Board of Education,* **196 Conn. 647**, 652 (1985). Practice Book § 10-30, et seq. requires a motion to dismiss for non-subject matter jurisdiction issues be filed within 30 days of the defendant's appearance. Practice Book §§ 10-6 and 10-7 mandate that the defendant CT Page 7211 who files pleadings farther down than the motion to dismiss in the order of pleadings is deemed to have waived the right to file an earlier pleading. The Court knows of no authority explaining the effect of the earlier motion to dismiss on the later motion to dismiss when the first motion to dismiss was denied, at least in part, because of a mutual misunderstanding by the parties. It is clear that even the initial motion to dismiss was not filed within 30 days of the appearance. The Court holds that the right to file a motion to dismiss has been waived. Accordingly, the motion to dismiss is denied. As a further grounds for denying the motion to dismiss, the Court agrees with the reasoning of Judge Skolnick, in *Otero v. Housing Authority of Bridgeport,* 26 Conn.L.Rptr. 569, 2000 Ct. Sup. 474 (2000). *Otero* concerned a case in which an employment termination claim was filed in state court, but removed to federal court. A second action concerning the same general matter was then filed in state court and the argument was made that the matter should be dismissed because of the prior pending action doctrine. Our Supreme Court has held that the

prior pending action doctrine applies when two actions are virtually alike and pending *in the same jurisdiction*. [Emphasis added.] See *Cumberland Farms, Inc. vs. Groton*, **247 Conn. 196**, 216 (1998). As Judge Skolnick points out: It should be noted that "when one action is in a state court and the other is in the federal court sitting in the same jurisdiction . . . [n]either is abatable because of the pendency of the other, except possibly when the first action is in a federal court because of removal from the state court. In such cases, many states will abate the second state action for the same cause." *Otero* at fn1.**[fn1]** Accordingly, the motion to dismiss is denied because one case is in state court and one case is in federal court. The motion to dismiss is denied because the matters are not pending in the same jurisdiction. Finally, it is clear that the prior pending action doctrine is discretionary with the court. In the instant matter there are some identical claims and some which are not identical. The matter is scheduled for a trial within 30 days in the state court and no trial date has been established in federal court. The court declines to exercise its discretion to abate the state court action. Because the decision to dismiss is discretionary, the motion to dismiss is denied. BY THE COURT CT Page 7212 Kevin E. Booth, J. [fn1] Judge Skolnick goes on to explain that there is a split of authority on whether the removal changes the result of the prior pending action doctrine. *Otero* appears to conclude that even in the case of removal, the prior pending action doctrine does not apply if one case is in state court and the other case is in federal court.