UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT LAROBINA | : | CIVIL ACTION NO. 3:03 CV 0217 (GLG) |
| Plaintiff, | : | |
| VS. | : | |
| COMMISSIONER OF TRANSPORTATION, STATE OF CONNECTICUT, et al. | : | |
| Defendants. | : | JUNE 23, 2004 |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY OF PROCEEDINGS

Defendant Aquarion Water Company of Connecticut ("Aquarion") respectfully submits this memorandum of law in reply to plaintiff's memorandum in opposition to Aquarion's motion to dismiss or, in the alternative, for stay of proceedings. In his memorandum in opposition dated June 16, 2004, plaintiff purports to recite the underlying facts of this matter and the course of proceedings before Magistrate Judge Garfinkel, and he attempts to advance a number of legal arguments directed to the merits of his claims. Although many of plaintiff's statements are not accurate, and his legal assertions are erroneous, Aquarion addresses below only those issues germane to the motion before the Court.

**I.   Aquarion's Motion To Dismiss And/Or Stay the Proceedings Has Not Been Adjudicated.**

Plaintiff's claim that Judge Goettel has adjudicated Aquarion's alternative request for stay, and that Aquarion is now seeking reconsideration of such ruling is baseless. (Pl.'s Opp'n at 1.) The alternative request for stay now before this Court has not been adjudicated. Judge Goettel granted a stay solely in conjunction with the referral of this action to Magistrate Judge

41510584_2.DOC

Garfinkel in order to afford the parties the opportunity to explore a possible settlement. Judge Goettel did not address in his June 25, 2003 endorsement ruling the issue of whether the action should be stayed pending adjudication of the state court action in the event that a settlement could not be reached.[1] Further, the present motion requests a stay of the action in the alternative, only if the Court does not dismiss the action.[2]

**II.    The Court May Dismiss Or Stay The Entire Action.**

Plaintiff argues that the entire action may not be dismissed on Aquarion's motion because Aquarion is the only party to the federal action which is also a party to the state action.[3] (Pl.'s Opp'n at 1.) Plaintiff overlooks that all of his claims against Aquarion and the City of Stamford rest on facts and issues that will necessarily be determined in the earlier filed state court action. If plaintiff does not establish that the placement of the fire hydrant on the easement area on his property is actionable, then he cannot prevail in his claims against Aquarion or his Section 1983 claims against the other defendants in this action. This underlying issue is a question of state law. It is fundamental that this Court has the authority to regulate its docket, including dismissing and staying actions to avoid the inefficient use of judicial resources as well as potentially conflicting judgments from other fora. See Landis v. North American Co., 299 U.S.

---

[1] Even if Judge Goettel had addressed that issue, such a determination would not be conclusive or closed to further consideration either by Judge Goettel or by this Court, given the Court's ongoing discretion to control its docket.

[2] Plaintiff does not claim that the Court has previously considered Aquarion's request for a dismissal of this action.

[3] Plaintiff claims that granting a motion to dismiss the entire action would put him "out of Court as to the federal causes of action asserted against [the State Commissioner of Transportation and the City of Stamford]." (Pl.'s Opp'n at 10.) In fact, plaintiff had initially asserted claims against the Connecticut Commissioner of Transportation in the state court action but subsequently elected to withdraw those claims. Moreover, none of the claims asserted in the federal action are committed to the exclusive jurisdiction of the federal court.

248, 254-55 (1936).  Finally, even if the Court were inclined to dismiss less than the entire action, dismissal is certainly warranted as to Aquarion because the very acts complained of in the state action in connection with the fire hydrant are the basis for all of the federal claims against Aquarion.[4]

### III. This Action Satisfies the Criteria For Dismissal Based On the Prior Pending State Action.

Contrary to plaintiff's contention, (Pl.'s Opp'n at 9), it is proper for the Court to dismiss this action in light of the earlier-filed state action.[5]  Although the standard for dismissal in favor of a prior pending action is high, the criteria for dismissal are met in this case.  The factors considered by federal courts in such circumstances -- "(1) whether either court assumed jurisdiction over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." National Council on Compensation Ins., Inc. v. Caro & Graifman, P.C., 259 F. Supp. 2d 172, 178 (D. Conn. 2003) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976)) -- warrant dismissal of this action.

---

[4] The prosecution of this action simultaneously with the state court action, even without the presence of Aquarion as a party, would likely subject Aquarion to duplicative and burdensome discovery in both federal and state courts.

[5] Plaintiff concedes that this Court has the authority to dismiss or stay an action in favor of an earlier-filed state action but disputes whether the "prior pending action" doctrine is the basis for this authority where, as here, the cases are not in the same jurisdiction. (Pl.'s Opp'n at 11.) However such authority is characterized, federal courts clearly are empowered to dismiss or stay a federal action in favor of a prior pending case. See, e.g., Continental Time Corp. v. Swiss Credit Bank, 543 F. Supp. 408, 410-11 (S.D.N.Y. 1982) (dismissing federal action in favor of earlier-filed action in Switzerland).

As described in Aquarion's initial memorandum of law, the state court action was commenced first. Allowing the federal action to continue simultaneously with the state court action will lead to duplicative, wasteful and piecemeal litigation of the same underlying factual and legal issues, and could result in inconsistent judgments. The claims asserted against Aquarion in this action, as well as the Section 1983 claims against all defendants, are premised upon state law violations asserted in the state action.[6] A state court judgment in favor of Aquarion would preclude plaintiff from establishing those federal claims in this action. In short, the factors here weigh decidedly in favor of dismissing this action, or alternatively, issuing a stay pending final adjudication of the state action.[7]

                DEFENDANT, AQUARION WATER
                COMPANY OF CONNECTICUT

                Joseph L. Hammer (ct00446)
                Alex G. Filotto (ct22780)
                Day, Berry & Howard LLP
                CityPlace I
                Hartford, CT  06103-3499
                Telephone:  (860) 275-0100
                Facsimile:  (860) 275-0343
                E-mail:  jlhammer@dbh.com
                E-mail:  afilotto@dbh.com
                Its Attorneys

---

[6] For example, plaintiff's Section 1983 claim against Aquarion in Count Three rests entirely upon state law claims of trespass and unfair trade practices. Significantly, plaintiff identified in his complaint in this action (Compl. at 9), under the heading "Prior Action and Administrative Relief," the pendency of the related state court action.

[7] Moreover, it is well-established that this Court has discretion to stay matters on its docket in the interests of "economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254-55 (1936).

## **CERTIFICATION**

       THIS IS TO CERTIFY that a copy of the foregoing was sent this 23rd day of June, 2004, via first class mail, postage prepaid to:

Vincent P. Larobina, Pro Se
113 Grove Street
Stamford, CT  06901
Tel:  (203) 325-2004
Fax: (203) 325-0066

Andrew Graham, Esq.
Assistant Attorney General
55 Elm Street
Hartford, CT  06106
Tel: (860) 808-5114
Fax: (860) 808-5090

James V. Minor, Esq.
Assistant Corporation Counsel
City Of Stamford
888 Washington Blvd.
P.O. Box 10152
Stamford, CT  06904-2152
Tel: (203) 977-4087
Fax: (203) 977-5560

                                                                                   Alex G. Filotto