| | |
|---|---|
| VINCENT P. LAROBINA * | FILED |
| Plaintiff * | 2005 MAR 30 P 1:19 |
| V. * | |
| * | U.S. DISTRICT COURT |
| COMMISSIONER OF TRANSPORTATION * | NEW HAVEN, CT |
| STATE OF CONNECTICUT; * | CASE NO: 3:03CV 217 (EBB) |
| * | |
| AQUARION WATER COMPANY; and * | |
| * | |
| CITY ENGINEER, CITY OF STAMFORD * | |
| * | |
| Defendants * | MARCH 29, 2005 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to the Order of the Court (Hon. Ellen Bree Burns, SUSDJ), the plaintiff, Vincent P. Larobina, respectfully responds to the following question "What is property within the meaning of the fourteenth amendment?"

### General Definition of Property

1. Definition of Property

"The right to possess, use, and enjoy a determinate thing(either a tract of land or a chattel) the right of ownership-the institution of private property is protected from undue government interference. 2. Any external thing over which the rights of possession use and enjoyment are exercised - the airport is city property->'" **Black's Law Dictionary** 7th Edition

2. Definition Private Property

"Property- protected from public appropriation- over which the owner has exclusive and absolute rights. Id.

3. Definition Real Property

Land and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land. •Real property can either be corporeal (soil and

1

buildings) or incorporeal (easements). - Also termed realty, real estate. Id.

4.   Definition Tangible Personal Property

Corporeal personal property of any kind, personal property that can be seen, weighed measured, felt or touched- or is in any way perceptible to the senses. Id.

In this Complaint, what is before the Court are two (2) types of property- the plaintiff's real private property (his land), including the subject easement; and (2) the City's tangible personal property in the form of the subject fire hydrant.

## CONSTITUTIONAL DEFINITIONS

The Court begins its constitutional analysis by citing Chicago, B. & Q. R. Co. v. Chicago, 166 U.S. 226, 239, 41 L. Ed. 979, 17 S. Ct. 581 (1897), for the proposition that the Takings Clause of the Fifth Amendment is "applicable to the States through the Fourteenth Amendment." Ante, at 8.... [87] Later cases have interpreted the Fourteenth Amendment's substantive protection against uncompensated deprivations of private property by the States as though it incorporated the text of the Fifth Amendment's Takings Clause. See, e.g., Keystone Bituminous Coal Assn. v. DeBenedictis, 480 U.S. 470, 481, n. 10, 94 L. Ed. 2d 472, 107 S. Ct. 1232 (1987). **There was nothing problematic about that interpretation in cases enforcing the Fourteenth Amendment against state action that involved the actual physical invasion of private property**. See Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 427-433, 73 L. Ed. 2d 868, 102 S. Ct. 3164 (1982); Kaiser Aetna v. United States, 444 U.S. 164, 178-180, 62 L. Ed. 2d 332, 100 S. Ct. 383 (1979).. .. Such public access would deprive petitioner of the right to exclude others, "one of the most essential sticks in the bundle of rights that are commonly characterized as property." **FLORENCE DOLAN v.CITY OF TIGARD** (.SCT.44212; 114 S. Ct. 2309, 129 L. Ed. 2d 304, 62 U.S.L.W. 4576 -1994 (Souther dissenting) ) Internal cites omitted. Emphasis added.

The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, Chicago, B. & Q. R. Co. v. Chicago, 166 U. S. 226 (1897), prohibits the government from taking private property for public use without just compensation. **The clearest sort of taking occurs when the government encroaches upon or occupies private land for its own proposed use**. Our cases establish that even a minimal "permanent physical occupation of real property" requires compensation under **Palazzolo v. Rhode Island**, 533 U.S. 606, 533 U.S. 606, 121 S.Ct. 2448, 121 S.Ct. 2448, 150 L.Ed.2d 592, 150 L.Ed.2d 592 (U.S. 06/28/2001) Emphasis added.

2

"Property is taken in the constitutional sense when inroads are made upon an owner's use of it to an extent that, as between private parties, a servitude has been acquired." **United States v. Dickinson**, 331 U.S. 745, 748 (1947).

The critical [term is ] "property... It is conceivable that the first [the term "property] was used in its vulgar and untechnical sense of the physical thing with respect to which the citizen exercises rights recognized by law. On the other hand, it may have been employed in a more accurate sense to denote the group of rights inhering in the citizen's relation to the physical thing, as the right to possess, use and dispose of it. In point of fact, the construction given the phrase has been the latter. When the sovereign exercises the power of eminent domain it substitutes itself in relation to the physical thing in question in place of him who formerly bore the relation to that thing, which we denominate ownership. In other words, it deals with what lawyers term the individual's "interest" in the thing in question. **That interest may comprise the group of rights for which the shorthand term is "a fee simple"** or it may be the interest known as an "estate or tenancy for years...[t]he constitutional provision is addressed to every sort of interest the citizen may possess, **UNITED STATES v. GENERAL MOTORS CORP**., 65 S. Ct. 357, 323 U.S. 373 (U.S. 01/08/1945) ) (Emphasis added)

Because the constitution prohibits any taking of private property by whatever means without compensation, the just compensation requirement applies whenever the exercise of the so called police power results in a "taking of property." The government may not do under an implied power that which it cannot do under an express power. In other words, it cannot do indirectly that which it cannot do directly... Planners and other officials should be aware of possible personal liability for bad faith violations of a landowner's constitutional rights which may go beyond the damages recoverable for inverse condemnation. **Cities and towns should also be aware of possible 42 U.S.C. § 1983 actions for damages for violations of the constitutional rights of citizens to be compensated for injuries suffered**. Owen v. City of Independence, 100 S. Ct. 1398 (1980); Monnell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). As quoted in **Burrows v. City of Keene**, 1981 NH 137, 432 A.2.2d, 15 121 N.H. 590 (1981) (Emphasis added)

Because the right to exclude others is a private property right, appellants have alleged harms addressed exclusively by the Fifth Amendment's Takings Clause. Because the "Takings Clause provides an explicit textual source of constitutional protection" of private property rights, "the Fifth Amendment (as incorporated by the Fourteenth), not the more generalized notion of substantive due process, must be the guide in reviewing the plaintiffs' claim." **Madison v. Graham**, 316 F.3d 867 (9th Cir. 12/23/2002

3

The Takings Clause of the Fifth Amendment of the United States Constitution, made applicable to the States through the Fourteenth Amendment, Chicago, B. & Q. R. Co. v. Chicago, 166 U.S. 226, 239, 41 L. Ed. 979, 17 S. Ct. 581 (1897), provides: "Nor shall private property be taken for public use, without just compensation." One of the principal purposes of the Takings Clause is "to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." **Armstrong v. United States**, 364 U.S. 40, 49, 4 L. Ed. 2d 1554, 80 S. Ct. 1563 (1960)

## STATE LAW: DEFINITION

We begin our analysis of this claim by setting forth the general, well established principles that govern the taking of real property by eminent domain. The fifth amendment to the United States constitution, as applied to the states through the due process clause of the fourteenth amendment; Webb's Fabulous Pharmacies, Inc. v. Beckwith,449 U.S. 155, 160, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980); provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const., amend. V. Article first, § 11, of the Page 828 Connecticut constitution similarly provides that "[t]he property of no person shall be taken for public use, without just compensation therefor." **This constitutional principle is well reflected throughout the General Statutes and our case law. NORTHEAST CT. ECONOMIC ALLIANCE v. ATC PARTNERSHIP**, 256 Conn. 813, 827 (2001) law. Emphasis added.

"An easement is neither an estate in land nor the `land' itself. It is, however, property or an interest in land. Thus, an easement is real property. It is an incorporeal right or hereditament to which property is rendered subject. **KELLEY v. TOMAS**, 66 Conn. App. 146, 153 (2001

## CONCLUSION

The subject matter of this case is clearly the taking of 25% of plaintiff's front yard by eminent domain under the provisions of the federal constitution (Fifth Amendment), Connecticut constitution (Article first, § 11) as well as by attendant Connecticut General Statutes §13a-73b. By the DOT's condemnation of plaintiff's land in the form of a perpetual easement as set forth in the Complaint, the state undertook an actual physical

invasion of plaintiff's property through condemnation.

Whether one defines this property in the constitutional sense of a "bundle of rights" or as that "group of rights inhering in the citizen's relation to the physical thing, as the right to possess, use and dispose of it" i.e. ownership; or in Black's more general definition as to real property -"land and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land" , the plaintiff respectfully sets forth that either would be a satisfactory definition of property under the Taking Clause- the definition applicable and incorporated in the Fourteenth Amendment.

                                        Respectfully Submitted,

                                        Plaintiff, Pro Se

                                        Vincent P. Larobina
                                        113 Grove Street
                                        Stamford, Connecticut 06901
                                        Tel:   203-325-2004
                                        Fax:   203-325-0066

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class, on even date herewith, to the following counsel of record:

Attorney Joseph Hammer (Aquarion Water Company) Day, Berry and Howard, 1 City Place Hartford, Connecticut 06103, TEL: 860-275-0100, FAX: 860-275-0343

Attorney James Minor (City of Stamford), Office of Legal Affairs, City of Stamford, 888 Washington Boulevard, Stamford, Connecticut 06904, TEL: 203-977-4087, FAX: 203-977-5560

Attorney Andrew Graham ( Commissioner of Transportation), Office of Attorney General 55 Elm Street, Hartford, Connecticut 06106, TEL: 860-808-5114, FAX: 860-808-5090

Vincent P. Larobina, Pro Se