UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT LAROBINA | : | CIVIL ACTION NO. 3:03 CV 0217 (GLG) |
| Plaintiff, | : | |
| VS. | : | |
| COMMISSIONER OF TRANSPORTATION, STATE OF CONNECTICUT, et al. | : | |
| Defendants. | : | APRIL 1, 2005 |

**DEFENDANT AQUARION WATER COMPANY OF CONNECTICUT'S MEMORANDUM OF LAW PURSUANT TO COURT'S ORDER**

Pursuant to the Court's Order dated March 11, 2005, Defendant Aquarion Water Company of Connecticut ("Aquarion") respectfully submits this memorandum of law addressing the following question posed by the Court: what is property within the meaning of the Fourteenth Amendment? For the reasons set forth below, Plaintiff Vincent Larobina has not presented an actionable property interest that can be asserted under the Fourteenth Amendment in order to provide a basis for his claims pursuant to 42 U.S.C. § 1983.

**Factual Background**

This action arises out of the condemnation by defendant Commissioner of Transportation of the State of Connecticut (the "Commissioner") of a five-foot wide easement along the frontage of real property owned by Plaintiff at 111-113 Grove Street in Stamford in connection with a highway construction project on Grove Street in Stamford. Following the Commissioner's taking of the easement, Plaintiff brought a valuation appeal in the Superior Court in which he sought additional compensation for the easement beyond that awarded by the Commissioner. Plaintiff subsequently appealed the decision of the Superior Court (Callahan, J.T.R.) in that matter to the

Appellate Court.  See Comm'r of Transp. v. Larobina, AC 24780 (pending appeal).  In conjunction with the highway construction, Aquarion relocated an existing fire hydrant a few feet from within the existing sidewalk, adjacent to Plaintiff's front lawn, to the new easement area on the Grove Street side (west side) of a fence located on Plaintiff's property.

By complaint dated November 18, 2002, Plaintiff brought an action in the Superior Court against the Commissioner, Aquarion and the City Engineer for the City of Stamford (the "City"),[1] challenging the scope and validity of the easement and the propriety of the placement of the fire hydrant in the easement area.  Larobina v. Comm'r of Transp. et al., No. CV-02-0192666, Superior Court, J.D. of Stamford/Norwalk at Stamford.  Plaintiff seeks monetary damages and injunctive relief in that action.

Subsequently, by a five-count complaint dated January 31, 2003, Plaintiff commenced this action against Aquarion, the Commissioner and the City pursuant to 28 U.S.C. § 1983, claiming, inter alia, that Defendants deprived him of property without due process in violation of the Fourteenth Amendment to the Constitution.  Plaintiff's federal claims are premised on the same matters at issue in the state court action, namely, the validity and scope of the easement and the propriety of the placement of the fire hydrant in the easement area.[2]  As in the state action, Plaintiff seeks monetary damages and injunctive relief.[3]

---

[1] Plaintiff later withdrew his state court claims against the City and the Commissioner and added Yankee Gas Company as a defendant.  Plaintiff claims that Yankee Gas improperly placed a gas cap on his property in the easement area.

[2] For this reason, Aquarion moved the court to dismiss or alternatively to stay this proceeding.  (Aquarion Mot. Dismiss or Stay, Docket #43.)  That motion is *sub judice*.

[3] As the Court is aware, Aquarion voluntarily relocated the fire hydrant.  (Order dated 6/30/04 denying Mot. to Compel Aquarion to Remove Hydrant, Docket # 55 (denied as moot, "the hydrant having been removed").)

**Argument**

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1. To establish a due process violation, Plaintiff must show that state action deprived him of a property interest protected by the Fourteenth Amendment. See White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1062 (2d Cir. 1993). For purposes of the Fourteenth Amendment, federal courts generally define "property" by reference to state law and other extra-Constitutional authority. The Supreme Court has stated that property interests "are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). Thus, federal courts must look first to whether state law confers a legitimate claim of entitlement sufficient to give rise to a federally protected interest. See Brady v. Colchester, 863 F.2d 205, 211-12 (2d Cir. 1988); Scott v. Greenville County, 716 F.2d 1409, 1418-19 (4th Cir. 1983); Velez v. Levy, No. 03-7875, 2005 U.S. App. LEXIS 4135, at *19-20 (2d Cir. Mar. 11, 2005) (quoting Roth, 408 U.S. at 577). If state law does not support an asserted property right, then, *a fortiori*, a plaintiff cannot have a protectable property interest within the meaning of the Fourteenth Amendment. Stated otherwise, in the absence of a legitimate claim of entitlement, Plaintiff has no cognizable property interest under the Fourteenth Amendment. See Perry v. Sindermann, 408 U.S. 593, 602-03 (1972).

A.  <u>Plaintiff Has Not Presented an Actionable Property Interest Under the Fourteenth Amendment.</u>

Plaintiff claims that Defendants have deprived him of property without due process of law in violation of the Fourteenth Amendment by the placement of a fire hydrant within the area of the easement. As to Aquarion, Plaintiff claims that the placement of the hydrant constitutes a trespass, a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq.*, ("CUTPA"), and a conspiracy (with the other Defendants) to deprive him of property—all of which he asserts violate the Fourteenth Amendment and are actionable in federal court under 42 U.S.C. § 1983.

As discussed above, the Fourteenth Amendment defines property by reference to state law. The fire hydrant was placed within an easement area that was taken by the Commissioner pursuant to Conn. Gen. Stat. §§ 13a-73 and 13a-98e. Section 13-73(b) affords the Commissioner broad authority to take any land he deems necessary for the alteration or improvement of any state highway. Section 13-98(e) empowers the Commissioner to acquire by condemnation "such real property or rights of access to and egress from land abutting any federal surface transportation urban program roadway or facility as is necessary to construct and maintain the improvements to any such roadway or facility in the same manner and with like powers as authorized and exercised by said commissioner in acquiring real property or rights of access to and egress from land abutting state highways for highway purposes." It is Aquarion's understanding that the Commissioner conducted the condemnation because the Grove Street road improvement project received federal transportation funds.

Relying on language in the Notice of Taking referencing the construction of a sidewalk, Plaintiff maintains that the scope of the easement is limited *solely* to the construction of a sidewalk on the easement area. Aquarion disputes Plaintiff's contention. Moreover, a utility such as

-4-

Aquarion has the right to undertake construction on a public highway in connection with the transmitting or distributing of water. See Conn. Gen. Stat. § 16-229.

In short, absent a judicial determination that the placement of the hydrant is not within the scope of the easement or otherwise permitted-- an issue of state law-- Plaintiff cannot assert a legitimate claim of entitlement to keeping the easement area free of a fire hydrant. As the Supreme Court has made clear, such a legitimate claim of entitlement is the *sine qua non* of property for purposes of the Fourteenth Amendment, and that determination has its source in state law.[4] Because Plaintiff cannot establish such an interest (and because this very issue is pending before the Superior Court in a prior pending action), Plaintiff's claims here should be dismissed.

B.  Even if Plaintiff Had Presented an Actionable Property Interest, Plaintiff Cannot Maintain This Action Pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983 Because the Harm Alleged Cannot Be Redressed Under the Fourteenth Amendment

Even if Plaintiff had presented an actionable property interest, Plaintiff cannot maintain this action because there are state remedies available to him, which he is actually pursuing, and because the conduct that underlies his claims, a purported trespass through the placement of the fire hydrant in the easement area, is not enforceable through the Fourteenth Amendment or under Section 1983.

    1.  State Process Precludes This Action

The Supreme Court has concluded that where "[t]he [state] remedies provided could have fully compensated the [plaintiff] for the property loss he suffered, …. they are sufficient to satisfy the requirements of due process." Parratt v. Taylor, 451 U.S. 527, 544 (1981), overruled in part on

---

[4] As set forth in Aquarion's Motion to Dismiss dated May 28, 2004 and accompanying Memorandum of Law, Aquarion seeks the dismissal of this action (or, in the alternative, a stay) as to Aquarion, given Plaintiff's simultaneous prosecution in state and federal courts of overlapping claims arising from common underlying facts and his institution of the state court action prior to this action.

other grounds by Daniels v. Williams, 474 U.S. 327 (1986). In Parratt, a prison inmate sued state prison officials under Section 1983 based on violation of the Fourteenth Amendment for depriving him of property without due process when a hobby kit that he had ordered was lost by prison officials before it reached the inmate. The Supreme Court rejected the notion that the Fourteenth Amendment could be used to vindicate a property tort, where the state provided adequate remedies. To conclude otherwise, the Court reasoned, "would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States. We do not think that the drafters of the Fourteenth Amendment intended the Amendment to play such a role in our society." (citations omitted; internal quotation marks omitted) Parratt v. Taylor, 451 U.S. at 544.[5]

Like the plaintiff in Parratt, Plaintiff has no interest that can be vindicated in this Court because he has an adequate state process that is available to him through the state court system. Moreover, Plaintiff has actually availed himself of that state process through two separate state court actions. First, Plaintiff prosecuted an appeal to the Superior Court seeking additional compensation for the easement and he is now appealing the Superior Court's judgment to the Appellate Court. Commissioner of Transp. v. Larobina, AC 24780. In such an appeal, a property owner may seek compensation for the value of the easement taken and for damage to his or her remaining property. Here, Plaintiff does not dispute that the easement authorized the installation of a sidewalk on the easement area. Aquarion submits that any purported impacts to the value of Plaintiff's property from the placement of a fire hydrant would necessarily be subsumed in a condemnation appeal. Second, Plaintiff is seeking the same relief, compensatory and punitive damages, for the same underlying conduct, including purported trespass and unfair trade practices,

---

[5] It is also worth noting that Aquarion, unlike the prison officials in Parratt, is not a state actor.

in his prior filed state tort action. <u>Larobina v. Comm'r of Transp. et al.</u>, No. CV-02-0192666.[6] Incredibly, Plaintiff claims in this action that he has been deprived of property without due process while he simultaneously pursues in state court the very legal process of which he claims he was deprived. Accordingly, for purposes of the Fourteenth Amendment, Plaintiff has no cognizable property interest, and the Court should dismiss his action.

        2.       <u>Trespass Is Not Redressable Under Fourteenth Amendment.</u>

The gravamen of Plaintiff's claims in this action is that the Defendants committed a trespass by the installation of a fire hydrant and that the trespass deprived him of his property without due process in violation of the Fourteenth Amendment and Section 1983. In other words, the installation of the fire hydrant within the easement area – the alleged trespass conduct-- is the basis of all the trespass, CUTPA and conspiracy claims against Aquarion.

Federal courts have recognized that trespass is outside the sphere of the Fourteenth Amendment and Section 1983. <u>See</u> <u>Pa. ex rel. Feiling v. Sincavage</u>, 313 F. Supp. 967, 970 (W.D. Pa. 1970) <u>aff'd</u>, 439 F.2d 1133 (3d Cir. 1971). "While the due process clause of the fourteenth amendment and the Civil Rights Act protect 'property' rights as well as 'personal' rights, a trespass to property, negligent or intentional, is merely a common law tort and does not infringe the federal Constitution. More is needed than a naked averment that a tort was committed under the color of state law for a claim to be cognizable under the Civil Rights Act. The wrongdoing must amount to a deprivation of a right, privilege or immunity protected by the Constitution or the laws of the United States. It was not intended by the fourteenth amendment or the Civil Rights Act that trespass to property, normally within the exclusive cognizance of the states, should

---

[6] Plaintiff's claims for injunctive relief against Aquarion in the state court action or this action are moot given the removal of the fire hydrant.

become a matter of national concern." (citations omitted)  <u>Kao v. Red Lion Mun. Auth.</u>, 381 F. Supp. 1163, 1166 (M.D. Pa. 1974).

Plaintiff improperly attempts to do what federal courts have expressly said cannot be done. He is seeking to enforce rights that are not recognized or protected by the Fourteenth Amendment. The Complaint makes this point emphatically clear.[7]  Count Two asserts that Aquarion "willfully trespassed on plaintiff's property…depriving plaintiff of his property without due process of law in violation of the 14th Amendment to the Constitution." (Compl., Count Two ¶ 10.)  The conduct, which allegedly constitutes the trespass, is that Aquarion "installed a fire hydrant centrally within plaintiff's lawn and proximate to plaintiff's fence [without] plaintiff-property owner's permission to effect said installation." (Compl., Count Two ¶ 9.)  Count Three asserts a CUTPA claim based on exactly the same trespass conduct.  (<u>See</u> Compl. Count Three, ¶¶ 2-11.)  Count Five as well is premised on the installation of the fire hydrant and "a conspiracy among the defendants to maintain the fire hydrant on plaintiff's property." (<u>See</u> Compl. Count Five, ¶¶ 9, 13.)  The purported trespass conduct relied on by Plaintiff for his claims simply cannot support a Section 1983 action.

## **CONCLUSION**

For the above reasons, Aquarion respectfully submits that Plaintiff has not presented an actionable property interest within the meaning of the Fourteenth Amendment, and that this Court should therefore dismiss this action as to Aquarion.

---

[7] Aquarion addresses only the counts directed to it.

                DEFENDANT, AQUARION WATER
                COMPANY OF CONNECTICUT

                _____/s/_____
                Joseph L. Hammer (ct00446)
                Alex G. Filotto (ct22780)
                Day, Berry & Howard LLP
                CityPlace I
                Hartford, CT  06103-3499
                Telephone:  (860) 275-0100
                Facsimile:  (860) 275-0343
                E-mail:  jlhammer@dbh.com
                E-mail:  afilotto@dbh.com
                Its Attorneys

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was sent this 1st day of April, 2005, via first class mail, postage prepaid to:

>Vincent P. Larobina, Pro Se
>113 Grove Street
>Stamford, CT  06901
>
>Andrew Graham, Esq.
>Assistant Attorney General
>55 Elm Street
>Hartford, CT  06106
>
>James V. Minor, Esq.
>Assistant Corporation Counsel
>City of Stamford
>888 Washington Blvd.
>P.O. Box 10152
>Stamford, CT  06904-2152

                                             _____/s/_____
                                             Alex G. Filotto