FILED

VINCENT P. LAROBINA
         Plaintiff

V.

COMMISSIONER OF TRANSPORTATION
STATE OF CONNECTICUT; et al
         Defendants

CASE NO: 3:03CV217 EBB

2005 APR 13 P 1: 20

U.S. [DISTRICT] COURT

APRIL 12, 2005

*********************************************

## PLAINTIFF'S REPLY BRIEF TO DEFENDANTS
## AQUARION AND COMMISSIONER - RE: 14th AMENDMENT PROPERTY[1]

In their Briefs, Aquarion and Commissioner ("Defendants") adopt a wrongfully narrow view of 14th Amendment property. Plaintiff supplements and underscores his original Brief as to the constitutional definition of Property as contemplated by the 14th Amendment as follows:

    Property does not consist alone in something that is tangible, but the right to use is as much property as the land itself. Allgeyer v. Louisiana, 165 U.S. 578, 589; Chicago &C; R.R. Co. v. Minnesota, 134 U.S. 418, 458; Muhlker v. R.R. Co., 197 U.S. 544 as quoted in **Lindsley v. Natural Carbonic Gas Company**., 31 S. Ct. 337, 220 U.S. 61 (U.S. 03/13/1911)

The definition of 14th Amendment property has been expanded far beyond Black's common law definition as set forth in plaintiff's Brief; this expansion including interests such as:

(Cause of action) Logan v. Zimmerman Brush Co., 455 U.S. 422, 428, 102 S. Ct. 1148, 1154, 71 L. Ed. 2d 265 (1982); ( unemployment benefits) Sherbert v. Verner, 374 U.S. 398, 405, 83 S. Ct. 1790, 1794-95, 10 L. Ed. 2d 965 (1963); (equal employment opportunity claims) Mullane v. Central Hanover Bank , 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950); (reliance on a State promise) Perry v. Sindermann, 408 U.S. 593, 602, 33 L. Ed. 2d 570, 92 S. Ct. 2694 (1972)); (unlawful termination of a government employee) Arnett v. Kennedy, 416 U.S. 134, 40 L. Ed. 2d 15, 94 S. Ct. 1633 (1974): (Entitlements health and welfare benefits) Atkins v. Parker, 472 U.S. 115, 128 (1985) (food-stamp benefits); Mathews v. Eldridge, 424 U.S. 319, 332 (1976) (disability benefits); Goldberg v. Kelly, 397 U.S. 254, 262 (1970); confidential corporate communications) Carpenter v. United States, 484 U.S. 19, 108 S. Ct. 316, 98 L. Ed. 2d 275 (1987).

---

[1] In that the Commissioner has substantially adopted Aquarion's Brief, in deference to the Court's time, plaintiff responds to both in this single Reply Brief. Respectfully, plaintiff replies in seven (7) pages, assuming plaintiff would be allotted ten (10) pages if responding to each Brief independently. Plaintiff has not received a Brief from the Defendant City.

1

"The Court has also made clear that the property interests protected by procedural due process extend well beyond *actual ownership of real estate*, chattels, or money." **Board Regents State Colleges et Al. V. Roth**, 92 S. Ct. 2701, 408 U.S. 564, 572 (U.S. 06/29/1972) (emphasis added)

Accordingly, within the broad definition of 14th Amendment property, common law definitions of property such as the subject "ownership of real estate" remain at its core.

***********

**The original charge** of this Court (Hon. Ellen Bree Burns) was -"what is property within the meaning of the Fourteenth Amendment?". In their Briefs, Defendants reached well past that charge to argue the case on its merits. In so doing, however Defendants merely have demonstrated the fact that what should actuallly be before this Court is a summary judgment against Aquarion, as opposed to the pending Motion to Dismiss based on a prior pending action.

Respectfully, the plaintiff calls the Court's attention to the defendant DOT's Brief, which Brief effectively constitutes a concurrence and dissent to the Aquarion Brief. The DOT's "dissent" not only substantially proves plaintiff's allegations against Aquarion; but also evinces the "circular firing squad" that undermines the defendants' unity of interest that goes to the issue of the conspiracy alleged in Count Five.[2]

In its dissent, the Commissioner issued the following disclaimer:

"[THE DOT] does not agree with Aquarion's assertion that 'any purported impacts to the value of Plaintiff's property from the placement of a fire hydrant would necessarily be subsumed in a condemnation hearing.'. Rather, The Commissioner submits that *any alleged impact to the Plaintiff's property from the placement of a fire hydrant on it have no reference or place in*

---

[2] The plaintiff respectfully notes that Count Five alleges the tort of conspiracy amongst the defendants to violate Federal law; and does not predicate its claim on the tort of trepass or the Due Process Clause. This claim is no where present in the State action and is within the sole jurisdiction of this District Court.

2

*a condemnation appeal* where, as in this case, such placement was not a part of the Notice of the Condemnation of the sidewalk easement issued by the Commissioner to the plaintiff, and **where the Commissioner had no role in or knowledge of such placement prior to its occurrence**". (Emphasis added.)

Here then, the DOT reasserts its unflagging position that Aquarion acted unilaterally in the placement of the fire hydrant, and in violation of the DOT's express declaration that a hydrant could not be placed in the easement area in conjunction with the condemnation ("a fire hydrant would not be considered appurtenant to a sidewalk easement"). (Pls see Ex. B, Doc. Pleading #52). And even after apprized that it was in violation of the scope of the easement by its owners (plaintiff and Commissioner), Aquarion still refused to remove the hydrant for two (2) years; and then, not until the filing of plaintiff's mandatory injunction in this action caused its removal.

Next, Defendants claim that plaintiff has not presented an actionable property interest under the 14th amendment. However, in reaching this claim, Defendants rely on a variety of incomplete and inaccurate assumptions; the first of which is that the Fourteenth Amendment defines property solely by reference to state law; cf:

> When a local actor ... violates a person's federal right, it is indeed true that the aggrieved party may bring an action under 42 U. S. C. Section 1983 without first exhausting state remedies. See Patsy v. Board of Regents of Fla., 457 U. S. 496, 516 (1982). But such an action involves no disregard... of the separateness of state and federal adjudicatory systems. In a Section 1983 action, a federal (or state) court inquires whether a person, acting under color of state law, has subjected another "to the deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws." The court exercises original, not appellate, jurisdiction; it proceeds independently. **City of Chicago v Board of Surgeons** 522 U.S. 156, 163-64 (1997).
>
> There are other interests, of course, protected not by virtue of their recognition by the law of a particular State but because they are guaranteed in one of the provisions of the Bill of Rights which has been "incorporated" into the Fourteenth Amendment. Section 1983 makes a deprivation of such rights actionable independently of state law. See Monroe v. Pape, 365 U.S. 167 (1961), quoted in .**Paul v. Davis**, 96 S. Ct. 1155, 424 U.S. 693 (U.S. 03/23/1976)
>
> Although the underlying substantive interest is created by "an independent source such as state law," federal constitutional law determines whether that interest rises to the level of a

"legitimate claim of entitlement" protected by the Due Process Clause. **Memphis Light, Gas & Water Division v. Craft**, 436 U.S. 1, 9, 56 L. Ed. 2d 30, 98 S. Ct. 1554 (1978)

The second flaw in Defendants' entitlement argument, is that Aquarion (rebutted by the DOT) wrongfully attempts to conjoin its tortious conduct with the underlying condemnation proceedings, asserting:

"[i]n short, absent a judicial determination that the placement of the hydrant is not within the scope of the easement or otherwise permitted- an issue of state law- Plaintiff cannot assert a legitimate claim of entitlement to keeping the easement area free of a fire hydrant." (Aquarion Brief. P.5)

In other words, to this day, Aquarion maintains **that it has a lawful right** to place a fire hydrant in the subject easement area, notwithstanding the fact that the plaintiff, the Defendant City (owner of the hydrant-(pls see Ex C, Doc.#52)) and the Commissioner have all asserted that Aquarion has no such right. . The Condemnation Map depicted a fire hydrant to be installed on the public sidewalk, not on plaintiff's property. As substantiated by the DOT Brief, the easement condemned by the DOT did not authorize Aquarion to invade and encumber plaintiff's private property by the unlawful installation of the hydrant, nor provide a legal basis upon which Aquarion could justify its refusal to remove the same after due demand.

Furthermore, factually, the plaintiff's §1983 legal claim against Aquarion is not predicated on any tortious conduct pursuant to the State's condemnation of the easement. Rather, the claim is that State actor Aquarion, under the color of state law- Conn. Gen. Stats §§13-98f and 13a-98k (text appended; also please see Stamford Mayor Malloy's letter, Ex.A, Doc.#52), - unlawfully installed the fire hydrant on plaintiff's property, and refused to remove the same despite due demand. Plainly, the referenced statutes have nothing to do with eminent domain or the condemnation of the easement, but rather the statutes mandate compliance with Federal law by utility companies- from which statutes Aquarion violated plaintiff's Fifth and Fourteenth Amendment rights . These constutional violations, supercede any State law, and respectfully, they

4

command the jurisdiction and judgment of the District Court.

Finally, as to this issue of entitlement, for Defendants to argue that plaintiff does not possess a constitutional entitlement, i.e. property interest- in his ownership of land under the Fifth Amendments as applied by the Fourteenth, is both, legally and logically, untenable.

The Defendants further attempt to make a Claim that plaintiff has not exhausted his state remedies, citing Paratt v. Taylor, 451 U.S. 527 (1981), and thus erroneously conclude that plaintiff is without property interest in this litigation. Here, this argument fails for a number of reasons. In Parratt, the claim alleged negligence of state employees, as opposed to a deliberate, wilful violation of constitutional rights.

> [T]his Court has drawn a constitutional distinction between negligent and intentional misconduct. Injuries caused by the mere negligence of state prison officials ...do not "deprive" anyone of liberty or property within the meaning of the Due Process Clause ... On the other hand, willful misconduct, and perhaps "recklessness or gross negligence," may give rise to such a deprivation. **Florida Prepaid Post-Secondary Education Expense Board v. College Savings Bank** 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999)

Here, having been informed in by the plaintiff, the City and the DOT of the unauthorized placement of the hydrant, Aquarion did not immediately remove the fire hydrant and claim accident or mistake- but rather, even now, Aquarion obstreperously insists that it maintains a lawful right to use the easement on plaintiff's property. Certainly then, this case does not fall under the negligent conduct contemplated by Parratt, but rather, evidences the "wilful misconduct" or "recklessness or gross negligence" specifically exempted by Parratt.

Beyond that, Parett is further inapplicable, because no exhaustion remedies- pre or post deprivation hearings- are available for Aquarion's violation of C.G.S. §§13-98f and 13a-98k; and as substantiated by the DOT, could not be remedied by plaintiff's Condemnation Appeal.

Finally, Defendants cite to two (2) District cases claiming that trespass is not actionable under §1983; however, the Supreme Court, quoting the Eleventh Circuit, apparently disagrees:

> The Eleventh Circuit resolved its seeming dilemma in applying Wilson v. Garcia by reasoning that while not all § 1983 actions involve trespass, trespass is "the particular type of wrong that was most paradigmatic, the one category of wrongs that the legislators [who enacted § 1983] intended first and foremost to address." **Preuit & Mauldin v Jones** 106 S. Ct. 893, 474 U.S. 1105 (U.S. 01/27/1986)

However, in making this argument, Defendants point to the very reason why the subject State and Federal actions are not at all parallel. The State action alleging the tort of trespass against Aquarion is properly in the State forum, based on Aquarion having entered plaintiff's property without permission and placing a fire hydrant thereon.

On the other hand, the Federal §1983 claim, over which this Court has original jurisdiction, is a separate and distinct tort. Here, the allegation is that State actor Aquarion, under the color of §§13-98f and 13a-98k, denied plaintiff's 5th and 14th Amendment constitutional rights by wrongfully depriving plaintiff of his property rights without due process of law.

Accordingly, despite Aquarion's incessant efforts to link the State complaint of the tort of trespass with the Federal §1983 tort of violation of plaintiff's constitutional rights without due process, the tort actions are categorically separate and distinct. The tort of trespass is not before this Court. The Federal Complaint does request that this Court to make a determination of the same- nor is the Court required to do so in order to make a determination as to whether or not Aquarion denied plaintiff's constitutional rights or privileges under §1983 in failing to remove the hydrant upon due demand. Consequentially, Aquarion's claim that the Complaints are parallel, and constitute a prior pending action, remains unavailing.

Respectfully, the Court will please not that in FN 7 of Aquarion's Brief, it states: "Aquarion

addresses only the counts directed to it." The footnote evidences Aquarion's acknowledgment that it had no standing to seek the dismissal of the entire Complaint as set forth in its Motion for Dismissal, as pointed out in plaintiff's opposing Memorandum. However, the subject footnote cannot change the content or request for relief set forth in the Motion to Dismiss; and plaintiff respectfully reiterates that Aquarion's Motion to Dismiss should be denied on the basis that the Court cannot grant the relief requested in its Motion, proper.

This Court <u>has denied</u> the City's Motion to Dismiss this action; and the DOT has no motion before the Court, requesting either a stay or a dismissal- and in fact, has answered the Complaint. Resultantly, the plaintiff does not see where Aquarion's Motion to Dismiss based on the doctrine of prior pending action can command the dismissal of this Complaint. .

. Under the facts and circumstances of this Federal litigation, Aquarion's assertion in its Brief that it maintains a right to install the hydrant on plaintiff' lawn betrays Aquarion's underlying mind set, perhaps heretofore, unclear to the Court. However, this mind set was always clear to the plaintiff, resulting in the initiation of this action to protect his constitutional rights from a belligerent private corporation, and the police power of the City and the State. These governments, although decrying Aquarion's actions as unlawful and not authorized by either government- refused to exercise their authority to compel Aquarion to remove the hydrant, but rather, by their deliberate inaction, abetted Aquarion's wrongful intrusion.

Such is the substance of plaintiff's Complaint, and all issues as framed, are properly before this District Court for adjudication. Plaintiff prays the Court will maintain jurisdiction, and protect plaintiff's Federal rights.

                                                Respectfully Submitted,
                                                Plaintiff, Pro Se

                                                /s/ Vincent P. Larobina
                                                Vincent P. Larobina
                                                113 Grove Street
                                                Stamford, Connecticut 06901
                                                Tel:   203-325-2004
                                                Fax:   203-325-0066
                                                E-Mail Box: vin-pro-se@snet.net


## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class, on even date herewith, to the following counsel of record:

Attorney Joseph Hammer (Aquarion Water Company) Day, Berry and Howard, 1 City Place Hartford, Connecticut 06103, TEL: 860-275-0100, FAX: 860-275-0343

Attorney James Minor (City of Stamford), Office of Legal Affairs, City of Stamford, 888 Washington Boulevard, Stamford, Connecticut 06904, TEL: 203-977-4087, FAX: 203-977-5560

Attorney Andrew Graham ( Commissioner of Transportation), Office of Attorney General 55 Elm Street, Hartford, Connecticut 06106, TEL: 860-808-5114, FAX: 860-808-5090

                                                /s/ Vincent P. Larobina
                                                Vincent P. Larobina

**Sec. 13a-98f. Regulation of accommodation of utilities to federal surface transportation urban program roadways or facilities. Apportionment of cost of readjusting, relocating or removing facility necessitated by state highway project.** The commissioner may adopt such regulations as are required by the United States Secretary of Transportation to regulate the satisfactory accommodation of utilities on a continuing basis to any federal surface transportation urban program roadway or facility. "Utility facilities or utilities" means and includes all privately, publicly or cooperatively owned lines, facilities and systems for producing, transmitting or distributing communications, cable television, power, electricity, light, heat, gas, oil, crude products, water, steam, waste, storm water not connected with highway drainage, and other similar commodities, including fire and police signal systems and street lighting systems, which directly or indirectly serve the public or any part thereof. "Utility" means any person or private or public entity owning or operating utility facilities as defined in this section, including any wholly owned or controlled subsidiary. The municipality or the commissioner shall issue an appropriate order to any utility to readjust or relocate in or remove its utility facility at its own expense from any such federal surface transportation urban program roadway or facility as is deemed necessary by the municipality and by the commissioner, provided the cost of readjusting, relocating or removing any municipally-owned utility facility shall be apportioned on the same basis as the cost of constructing such roadway or facility, and provided further, the cost of readjusting, relocating or removing any other utility facility within, on, along, over or under any land comprising the right-of-way of a state highway or any other public highway when necessitated by the construction or reconstruction of a state highway shall be apportioned in accordance with the provisions of section 13a-126.

**Sec. 13a-98k. Use of program roadways or facilities by utility facilities or utilities.** The use of federal surface transportation urban program roadways or facilities by "utility facilities or utilities", as defined in section 13a-98f, and any readjustment, relocation or removal thereof shall be subject to the provisions in said section 13a-98f.