UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT LAROBINA | : | CIVIL ACTION NO. 3:03 CV 0217 (EBB) |
| Plaintiff, | : | |
| VS. | : | |
| COMMISSIONER OF TRANSPORTATION, STATE OF CONNECTICUT, et al. | : | |
| Defendants. | : | APRIL 15, 2005 |

## DEFENDANT AQUARION WATER COMPANY OF CONNECTICUT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW

Pursuant to the Court's Order dated March 11, 2005, Defendant Aquarion Water Company of Connecticut ("Aquarion") respectfully submits this Reply to Plaintiff Vincent Larobina's Memorandum of Law dated March 29, 2005. As set forth below, Plaintiff's Memorandum of Law illustrates that Plaintiff cannot maintain his claims against Aquarion, and this Court should dismiss his Complaint against Aquarion.

Plaintiff has not presented any authority to establish an actionable property interest that can be asserted under the Fourteenth Amendment in order to provide a basis for his claims pursuant to 42 U.S.C. § 1983 against Aquarion. Instead, Plaintiff asserts as follows:

> The subject matter of this case is clearly the taking of 25 % of plaintiff's front yard by eminent domain under the provisions of the federal constitution (Fifth Amendment), Connecticut constitution (Article first, § 11) as well as by attendant Connecticut General Statutes § 13a-73b. By the DOT's condemnation of plaintiff's land in the form of a perpetual easement as set forth in the Complaint, the state undertook an actual physical invasion of plaintiff's property through condemnation.

(Pl's. Memo. of Law dated 3/29/05 ("Pl's. Mem.") at 4-5.) Whether the Court accepts Plaintiff's latest characterization of his claims or refers to state tort-based claims in the Complaint, the result is the same: Plaintiff cannot maintain his claims against Aquarion in this action.

Consistent with his characterization of this case as a takings case, Plaintiff discusses "property" only in the context of the Fifth Amendment takings clause as made applicable to the states by the Fourteenth Amendment. In other words, the only actionable property interest that Plaintiff claims in his memorandum is based upon the condemnation of an easement over a portion of 111-113 Grove Street— a taking effected by *the State* through the Commissioner of Transportation (the "Commissioner"). All of the claims against Aquarion in the Complaint are premised upon common law trespass (by the alleged wrongful placement of a fire hydrant within the easement area), and no actionable property interest is recognized by the Fourteenth Amendment or 42 U.S.C. § 1983 for such claims. See, e.g., Kao v. Red Lion Mun. Auth., 381 F. Supp. 1163, 1166 (M.D. Pa. 1974) ("It was not intended by the fourteenth amendment or the Civil Rights Act that *trespass to property*, normally within the exclusive cognizance of the states, should become a matter of national concern.") (emphasis added); Pa. ex rel. Feiling v. Sincavage, 313 F. Supp. 967, 970 (W.D. Pa. 1970) aff'd, 439 F.2d 1133 (3d Cir. 1971).

Moreover, even if Plaintiff's Complaint had asserted a tenable Fifth Amendment claim against anyone (which it does not), the Fifth Amendment only prohibits a taking without just compensation, and Plaintiff would be required to exhaust his state remedies for just compensation before bringing a federal takings claim. See Warboys v. Proulx, 303 F. Supp. 2d 111, 117 (D. Conn. 2004) (Hall, J.); Melillo v. City of New Haven, 249 Conn. 138, 154 n.28, 732 A.2d 133 (Conn. 1999)(affirming trial court's rejection of plaintiffs' Fifth Amendment takings claim given failure to pursue "legally sufficient procedure, under article first, § 11, of the constitution of Connecticut, to obtain just compensation for the alleged taking of their property."). Here, the State of Connecticut (through the Commissioner) has compensated Plaintiff for the taking of the

easement, and Plaintiff is now seeking additional compensation through the state appeals process as is his right under Connecticut law. See Comm'r of Transp. v. Larobina, AC 24780 (pending appeal).[1] Moreover, in addition to his state condemnation appeal against the Commissioner, Plaintiff continues to pursue his earlier filed state court action against Aquarion, seeking the same relief (money damages and injunctive relief) for the same conduct (an alleged trespass by Aquarion for the placement of the fire hydrant in the easement area) as in this action. Larobina v. Comm'r of Transp. et al., No. CV-02-0192666, Superior Court, J.D. of Stamford/Norwalk at Stamford.

As a consequence of his Fifth Amendment focus, Plaintiff completely ignores the only Fourteenth Amendment assertion in the Complaint: namely, that Defendants violated his due process rights by the purported trespass of installing a fire hydrant within the easement area. Nowhere does Plaintiff acknowledge that each of his claims is premised on a purported trespass to property (a fact patently obvious from the Complaint). Without establishing a trespass,[2] all the claims here necessarily fail. Moreover, as Aquarion has addressed in its initial memorandum of law (see Aquarion Mem. at 7-8), claims based on trespass to property are not actionable under the Fourteenth Amendment or Section 1983.

---

[1] Notwithstanding the lack of merit of Plaintiff's claims, it is inconceivable that Plaintiff could establish any damages to his property from the presence of a fire hydrant within the easement beyond those attributable to the impact of the placement of a sidewalk along the entire easement area— a perpetual right taken by the Commissioner.

[2] The propriety of the placement of the hydrant within the easement area would be a legal determination for the Court, and statements by the Commissioner or his staff (such as in Ex. B to Plaintiff's Mem. in Opp. to Aquarion's Mot. to Dismiss (a memorandum from non-legal staff) or in memoranda to this Court) are in no way determinative. Such legal inquiry involves state law issues such as the scope of the easement and whether Plaintiff's claims are barred by Conn. Gen. Stat. § 16-229. These are the very matters under consideration by the state court in the prior pending state action.

In short, Plaintiff's memorandum is devoid of any support for maintaining his claims against Aquarion. The only actionable property interest described by Plaintiff relates to the condemnation of the easement by the Commissioner, a purported violation of the Fifth Amendment. As stated in Aquarion's initial memorandum, Plaintiff has not presented an actionable property interest under the Fourteenth Amendment and even if he had, the harm he claims cannot be redressed under the Fourteenth Amendment.

## CONCLUSION

Accordingly, for the reasons stated in Aquarion's initial memorandum of law and this reply memorandum, Aquarion respectfully requests that this Court dismiss Plaintiff's action as to Aquarion.

    DEFENDANT, AQUARION WATER
    COMPANY OF CONNECTICUT


    /s/ Joseph L. Hammer
    Joseph L. Hammer (ct00446)
    Alex G. Filotto (ct22780)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, CT  06103-3499
    Telephone:  (860) 275-0100
    Facsimile:   (860) 275-0343
    E-mail:  jlhammer@dbh.com
    E-mail:  agfilotto@dbh.com
    Its Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was sent this 15th day of April, 2005, via first class mail, postage prepaid to:

>Vincent P. Larobina, Pro Se
>113 Grove Street
>Stamford, CT  06901
>
>Andrew Graham, Esq.
>Assistant Attorney General
>55 Elm Street
>Hartford, CT  06106
>
>James V. Minor, Esq.
>Assistant Corporation Counsel
>City of Stamford
>888 Washington Blvd.
>P.O. Box 10152
>Stamford, CT  06904-2152

                                                                            _____/s/ Alex G. Filotto_____
                                                                               Alex G. Filotto