```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


VINCENT LAROBINA,               :
         Plaintiff,             :
                                :
         v.                     :    No. 3:03CV217(EBB)
                                :
COMMISSIONER OF                 :
TRANSPORTATION, ET AL,          :
         Defendants.            :
```

## **RULING ON DEFENDANT AQUARION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY OF PROCEEDINGS**

Before the Court is Defendant Aquarion Water Company of Connecticut's ("Aquarion") <u>Motion to Dismiss or, in the Alternative, For Stay of Proceedings</u> [Doc. No. 43] pending resolution of a related prior state court action. For the reasons set out below, a stay or dismissal in this case is inappropriate, and the relief requested is therefore DENIED.

<u>STATEMENT OF RELEVANT FACTS</u>

The Court summarizes only those facts deemed necessary to an understanding of the issues in, and decision rendered on, this Motion.

This federal action arises from a series of events related to the widening of Grove Street (the "Grove Street Project") in Stamford, Connecticut, which commenced in the Spring of 2000. Plaintiff Vincent Larobina's ("Larobina") involvement began with a Notice of Condemnation on or about February 17, 1999, whereby the State of Connecticut acquired a perpetual easement to construct a sidewalk along the length of Plaintiff's property at 111-113 Grove

Street. Ultimately, a sidewalk was not constructed within the easement area; the easement area was excavated and sloped to accommodate the altered grade of the reconstructed roadway.

Once the Grove Street Project was completed in the fall of 2001, Plaintiff alleges he discovered that the State of Connecticut had accorded itself a perpetual easement which gave it the right to enter Plaintiff's property and construct a sidewalk at any time in the future and that a fire hydrant had been permanently placed within the easement area by Aquarion, without Plaintiff's consent.

Plaintiff believed at the time that the hydrant had been installed by the State pursuant to the condemnation, that he was indemnified from liability regarding the hydrant and that he could claim damages for the installation during his condemnation appeal. Plaintiff asserts that the State informed him that it had not authorized the installation of the hydrant and, further, that neither the State nor the City of Stamford took responsibility for the decision to install the hydrant.

Plaintiff filed a state action in Connecticut Superior Court in late 2002,[1] against the Connecticut Commissioner of Transportation ("Commissioner"), the City Engineer of the City of Stamford ("City") and Aquarion (No. CV-02-0192666). Counts One through Three alleged the Commissioner was liable under the state

---

[1] Plaintiff's Memorandum of Law in Opposition to Defendant's motion for dismissal states that the complaint was filed in August 2002. Defendant's memorandum of law in support of dismissal states that Plaintiff's state complaint was filed in November 2002.

constitution for the false easement description and abuse of authority with regard to the easement description, and that the Commissioner was liable for inverse condemnation for an additional taking pursuant to the wrongful easement description. Plaintiff further claimed that Aquarion was liable for trespass, taking plaintiff's property and violating the Connecticut Unfair Trade Practices Act ("CUTPA"). Finally, Plaintiff's state complaint stated a claim for inverse condemnation against the City for its refusal to remove the fire hydrant.

Plaintiff amended his complaint in January of 2003 and again in July 2003, when he withdrew his claims against the Commissioner and the City and added claims against Yankee Gas for the installation of a gas cap on Plaintiff's front lawn. Plaintiff revised his amended state complaint in February of 2004; neither the City nor the Commissioner is named as a defendant.

Plaintiff commenced this federal action on January 31, 2003, approximately two and one half months after he commenced the state action. In Count One, Plaintiff alleges that CONN. GEN. STAT. § 13a-73(b) violates due process under the Fourteenth Amendment because it fails to provide adequate notice to a property owner of the description of the condemnation area prior to its entry in the land records and fails to provide a hearing before or after the filing of the condemnation area with the land records. In Count Two Plaintiff alleges, <u>inter alia</u>, that Aquarion installed a fire

hydrant upon his lawn without his consent, thereby "willfully trespass[ing] on plaintiff's property, caus[ing] damage thereon and assum[ing] illegal occupancy thereof, depriving plaintiff of his property without due process of law in violation of the 14th Amendment" and 42 U.S.C. § 1983.  In Count Three, Plaintiff claims that, as a consequence of these actions, Aquarion violated CUTPA. In Count Four, Plaintiff alleges that the presence of the fire hydrant on his property "constitutes an illegal invasion and occupancy of plaintiff's land by the City of Stamford . . . . depriving plaintiff of his property in violation of plaintiff's substantive due process rights secured by the 14th [A]mendment" and 42 U.S.C. § 1983 because the City Engineer, by his action or non-action, exceeded his authority in an arbitrary and abusive manner. Finally, Count Five of the federal action alleges a conspiracy among the City Engineer, the Commissioner and Aquarion to violate Plaintiff's substantive due process rights under the Fourteenth Amendment.

DISCUSSION

Defendant argues that this action[2] should be dismissed, or in the alternative, stayed pending resolution of the prior pending Connecticut Superior Court action because, Defendant argues, both

---

[2]Defendant Aquarion is asking that the entire action be stayed or dismissed.  However, neither Count One nor Count Four is directed against Aquarion.  Additionally, neither the Commissioner of Transportation nor the City Engineer of Stamford is a defendant in the state action.  Defendant Commissioner of Transportation filed an Answer to Counts One and Five on May 6, 2003.

the Superior Court action and the federal action "revolve around the easement taken by the Commissioner and the legality of the placement of the fire hydrant on the easement area."  Defendant's Motion at 4.  In support of its position that a decision to dismiss or stay the action rests with the sound discretion of this Court, Aquarion cites to Adam v. Jacob, 950 F.2d 89, 92 (2d Cir. 1991); Odesina v. St. Francis Hosp., No. 3:01CV1091(PCD), 2002 U.S. Dist. LEXIS 27336; Lesavoy v. Lane, 304 F. Supp. 2d 520, 535 (S.D.N.Y. 2004); Continental Time Corp., v. Swiss Credit Bank, 543 F. Supp. 408, 410 (S.D.N.Y. 1982); and Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936).  Each of these cases is distinguishable from the case at bar.  In Adam, Lesavoy and Odesina, the court stayed or dismissed the federal action based upon a prior pending federal action.  In Continental Time the court dismissed the federal district court action due to prior pending litigation in a Swiss court.  Thus, the law of these cases is inapposite here where defendants allege that dismissal or a stay is appropriate due to a prior pending state court action.

This Court is mindful of "the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants," Landis, 299 U.S. at 254; yet, Aquarion's argument ignores the Supreme Court's admonishment, reiterated repeatedly by the Second Circuit, that federal courts have a "virtually unflagging

5

obligation," absent "exceptional circumstances," to exercise jurisdiction when a case is properly before the Court. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Furthermore, Aquarion's argument ignores the well-established rule that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id.

Abstention is "an extraordinary and narrow exception" to the duty of a district court to exercise jurisdiction over a controversy properly before it. Colorado River, 424 U.S. at 813. "Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Id. (citations omitted). The Supreme Court has traditionally found abstention appropriate 1) "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law," id. at 814 (citing, *inter alia*, Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941)); 2) where "exercise of federal review . . . would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern," id. (citing Burford v. Sun Oil Co., 319 U.S. 315 (1943)); and 3) "where, absent bad faith, harassment, or a patently invalid state statute, federal

6

jurisdiction has been invoked for the purpose of restraining state criminal proceedings," id. at 816 (citing Younger v. Harris, 401 U.S. 37 (1971)).

In Colorado River, finding that none of these doctrines applied, the Supreme Court crafted a new doctrine "resting not on considerations of state-federal comity or on avoidance of constitutional decisions, as does abstention, but on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 14-15, citing Colorado River, 424 U.S. at 817 (internal citations and quotation marks omitted).  This doctrine is reserved for limited situations "involving the contemporaneous exercise of concurrent jurisdiction[]" by state and federal courts. Colorado River, 424 U.S. at 817.  In determining whether "exceptional circumstances" warrant abstention under the Colorado River doctrine, a district court is required to weigh six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." Moses Cone, 460 U.S. at 15-16, 23-24, 26-27.  See also Woodford v. Community Action Agency of Greene County, 239 F.3d 517, 522-23 (2d Cir. 2001); Village of Westfield v. Welch's, 170 F.3d 116, 121 (2d Cir. 1999); Burnett v. Physician's Online, Inc., 99 F.3d 72, 76 (2d Cir. 1996).  A court must consider 1) whether either court has first assumed jurisdiction over any res or property; 2) the inconvenience

of the federal forum; 3) whether a dismissal or stay will avoid piecemeal litigation; 4) the order in which jurisdiction was obtained; 5) whether federal law provides the rule of decision; and 6) the adequacy of the state court proceeding to protect the rights of the party seeking federal jurisdiction. Moses Cone, 460 U.S. at 15-16, 23-24, 26-27 (citing Colorado River, 424 U.S. at 818). See also Woodford, 239 F.3d at 522; Burnett, 99 F.3d at 76. The decision to abstain "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case." Moses Cone, 460 U.S. at 16. "Only the clearest of justifications will warrant dismissal." Colorado River, 424 U.S. at 819.

As a threshold matter, under the Colorado River doctrine, the concurrent state and federal actions must be parallel. Dittmer v. County of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." Id. (internal citations and quotation marks omitted). See also Sheerbonnet, Ltd., v. Am. Express Bank Ltd., 17 F.3d 46, 50 (2d Cir. 1994) (state and federal actions are parallel under Colorado River when they involve the same parties, subject matter and forms of relief). Defendant Aquarion is the only federal defendant that is also a defendant in the state action. Neither the Stamford City Engineer nor the Commissioner of Transportation for the State of

Connecticut remains in the state court action.[3]  "Similarity of parties is not the same as identity of parties."  Id. at 50 (quoting Alliance of Am. Insurers, 854 F.2d 591, 603 (2d Cir. 1988)).

Defendant argues that none of Plaintiff's claims are exclusively committed to federal jurisdiction.  State and federal courts are equally able to hear claims under 42 U.S.C. § 1983 (Counts Two, Four and Five) and under CUTPA (Count Three), but Plaintiff does not raise § 1983 claims in the state complaint, and Count One of the federal action raises federal constitutional questions neither present in the state action nor committed to state jurisdiction.  In Count One, Plaintiff questions the constitutionality of Conn. Gen. Stat. § 13a-73(b), asserting it is vague and violative of due process under the 14th Amendment, facially and as applied.  There is no parallel claim in the state action.  Furthermore, as noted, neither the Commissioner of Transportation for the State of Connecticut nor the Stamford City Engineer remains as a defendant in the state action.  Thus, Plaintiff's claims against those parties could not be resolved in the state action. While there may be an overlap of subject matter, revolving "around the easement taken by the Commissioner and the legality of the placement of the fire hydrant on the easement

---

[3] In his Revised Amended Complaint, dated February 26, 2004, No. CV-02-0192666, Superior Court, J.D. of Stamford-Norwalk, Connecticut, Plaintiff Larobina directs Counts One through Five against defendant Aquarion, and Counts Six through Nine against Defendant Yankee Gas.

9

area," Defendant's Motion at 4, this does not amount to "substantially the same parties. . . contemporaneously litigating substantially the same issue." Dittmer, 146 F.3d at 118. Compare Telesco v. Telesco Fuel and Masons' Materials, Inc., 765 F.2d 356 (2d Cir. 1985) (affirming district court's dismissal of federal diversity action in favor of concurrent state action under the Colorado River doctrine where federal complaint concerned same events and sought same relief as state court action, federal law did not provide the rule of decision, the two state actions were filed over four and one half years and two years prior to the federal action and the Court noted the "vexatious" nature of the federal suit).

Even if the state and federal actions were parallel, a careful balancing of the six Moses Cone factors leads this Court to find exceptional circumstances do not exist for this Court to abdicate its "unflagging obligation" to exercise jurisdiction. Neither the first nor second factor – whether the state or federal court has assumed jurisdiction over a res at issue and the inconvenience of the federal forum – is at issue here, and therefore, neither weighs in favor of dismissal or a stay. Village of Westfield, 170 F.3d at 122 (holding that retention of federal jurisdiction is favored where an action does not involve jurisdiction over property and the federal and state forums are equally convenient).

The third factor, whether there is a threat of piecemeal

litigation, also does not weigh in favor of dismissal or a stay. The state action revolves around the alleged trespasses by Aquarion and Yankee Gas onto Plaintiff's property, resulting in the placement of the hydrant and a gas cap on Plaintiff's front lawn. Plaintiff brings, <u>inter alia</u>, claims of trespass, civil theft, breach of duty, violation of CUTPA and negligent infliction of emotional distress against Aquarion in the state action.[4]  In contrast, in the federal action, this Court is asked to determine, <u>inter alia</u>, whether the Connecticut statute violates due process under the Fourteenth Amendment, and whether Defendants Aquarion, City Engineer, City of Stamford, and the Commissioner of Transportation violated Plaintiff's federal right to procedural due process.  Thus, separate actions are appropriate given the non-identity of parties, claims and subject matter.  "[T]he mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." <u>Colorado River</u>, 424 U.S. at 816.

The fourth factor, the order in which jurisdiction was obtained, weighs slightly in Defendant's favor, as the state action was filed on November 18, 2002, approximately two and one half months before the federal action was filed. Furthermore, discovery has progressed to a greater degree in the state action.  However, "[n]o one factor is necessarily determinative." <u>Colorado River</u>,

---

[4] Plaintiff's state claims against Yankee Gas include claims of trespass, civil theft, unjust enrichment and violation of CUTPA.

424 U.S. at 818.

The fifth factor, whether federal or state law is controlling, weighs against dismissal or a stay here, where federal law provides the rule of decision on Counts One, Two, Four and Five.  Defendant argues that Plaintiff's claims in Counts Two, Three and Five are grounded merely in state-law trespass, and are thus not cognizable under the Fourteenth Amendment or Section 1983.[5]  Defendant's Mem. of Law Pursuant to Court's Order [Doc. No. 59] at 5-8.  Plaintiff proceeds *pro se*.  The pleadings of *pro se* litigants should be "construed liberally."  Phillips v. Girdich, 408 F.3d 124, 127 (2d Cir. 2005); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (per curiam) ("It is settled law that the allegations of [a *pro se*] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers. . . .'" (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972))).  "'When reviewing *pro se* submissions, a district court should look at them with a lenient eye, allowing borderline cases to proceed.'"  Phillips at 127-28.  In Count One, Plaintiff alleges that CONN. GEN. STAT. § 13a-73(b) violates due process under the Fourteenth Amendment.  In Count Two Plaintiff alleges, inter alia, that Aquarion "willfully trespassed

---

[5]The Court notes that Defendants have not moved for dismissal under FED. R. CIV. P. 12(b)(6), but only under the "prior pending action" doctrine. Defendant's arguments submitted pursuant to this Court's March 11, 2005 order go beyond the scope of the analysis for dismissal/stay due to the prior pending state action and would be more properly considered in a Rule 12(b)(6) motion to dismiss or a motion for summary judgment.

on plaintiff's property, caused damage thereon and assumed illegal occupancy thereof, depriving plaintiff of his property without due process of law in violation of the 14th Amendment" and 42 U.S.C. § 1983.  Federal Complaint, Count Two, ¶10.  In Count Four, not directed at Defendant Aquarion, Plaintiff alleges that the presence of the fire hydrant on his property "constitutes an illegal invasion and occupancy of plaintiff's land by the City of Stamford . . . . depriving plaintiff of his property in violation of plaintiff's substantive due process rights secured by the 14th [A]mendment" and 42 U.S.C. § 1983.  Federal Complaint, Count Four, ¶10.  Both Counts Two and Four, even if inartfully pleaded, seek the due process of law guaranteed under the Fifth Amendment's Takings Clause, applicable to the states through the Fourteenth Amendment.  The merits of such claims are another matter, one to be properly addressed in a motion to dismiss for failure to state a claim or a motion for summary judgment.  However, here, for purposes of abstention under the Colorado River doctrine, Plaintiff's claims are grounded in more than mere common law trespass, and whether or not the state court finds a trespass, Plaintiff can still pursue a takings claim.  Count Five, alleging a conspiracy to violate Plaintiff's substantive due process rights under the Fourteenth Amendment, is similarly grounded in federal law.  This Court does not address the merits of these claims.

Furthermore, "[a]lthough in some rare circumstances the

13

presence of state-law issues may weigh in favor of . . . surrender [of jurisdiction], . . . the presence of federal-law issues must always be a major consideration weighing against surrender." Moses Cone 460 U.S. at 25-26.  Thus, this factor weighs against dismissal or a stay.

The final Moses Cone factor, whether the state forum would protect the rights of the party seeking federal jurisdiction, also weighs against dismissal or a stay.  Plaintiff's claims against the Commissioner of Transportation and the City Engineer, City of Stamford, exist only in the federal forum.

"[O]ur task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under Colorado River to justify the *surrender* of that jurisdiction."  Moses Cone 460 U.S. at 25-26 (emphases in original).  Such circumstances are not present here.

Defendant urges this Court alternatively to impose a stay if dismissal is inappropriate.  The Supreme Court has cautioned that:

> a stay is as much a refusal to exercise federal jurisdiction as a dismissal.  When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.  Thus, the decision to invoke Colorado River necessarily contemplates that the federal court

14

> will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.

Moses Cone, 460 U.S. at 28.  Thus, because this Court believes the state court action will not be an adequate vehicle to protect Plaintiff's rights, it declines to dismiss this action under the Colorado River doctrine, and similarly declines to issue a stay.

CONCLUSION

Because the state and federal actions do not have identity of parties, subject matter or remedies, this Court declines to abandon its jurisdiction in the federal matter, and Defendant Aquarion's Motion to Dismiss or, in the Alternative, for Stay of Proceedings [Doc. No. 43] pending resolution of a related prior state court action is DENIED.[6]

SO ORDERED.

_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, Connecticut this ___ day of October, 2005.

---

[6] The Court notes that the fire hydrant in question was removed by Aquarion during the week of May 24, 2004.  See Defendant's Memorandum of Law in Opposition to Motion for Mandatory Injunction [Doc. No. 45] at 1.