October 16, 2006

Vincent P. Larobina
113 Grove Street
Stamford, Connecticut 06901

Honorable Ellen Bree Burns
Senior Judge
U.S. District Court
141 Church Street
New Haven, Connecticut 06508

RE: **Larobina v. Commissioner 03CV217 (EBB)**

Your Honor,

I am in receipt of a Notice from the Court pertaining to the potential dismissal of this matter pursuant to Local Rule 41(a) (Docket #74). Respectfully, I hereby inform the Court that I do not intend to plead further, and thus accept the entry of an Order of Dismissal.

However, on October 26, 2005, Your Honor denied a Motion to Dismiss filed by Defendant Aquarion Water Company- in which ruling, the Court concluded "...*because this Court believes the State court action will not be an adequate vehicle to protect Plaintiff's rights, it declines to dismiss this action ..and similarly declines to issue a stay.*" (Doc.#66) Based on that ruling, the Plaintiff feels compelled to offer the Court the due respect of an explanation as to why now Plaintiff has decided to allow the matter to be dismissed.

First, as the Court is likely aware, Defendants Aquarion Water Company and City of Stamford reached a settlement with the Plaintiff as to the Counts appertaining to those Defendants. The fire hydrant at issue has been removed from the Plaintiff's property, and the Plaintiff was otherwise compensated so as to sufficiently satisfy the relief requested in his Complaint without need for litigation.

Thus, the only Count remaining in Plaintiff's Complaint is Count One against the Commissioner of the Department of Transportation, which Count raises the issue of the constitutionality of Conn. Gen. Stats.13a-73(b).

The Plaintiff still, in good faith, believes that the Commissioner's present statutory authority to take immediate possession, and make immediate use, of a citizens' property upon a State Court filing under Conn. Gen. Stats.13a-73(b) raises a constitutional due process issue. However, in Plaintiff's Appeal of the final judgment of the Trial Court (Hon. Robert Callahan, J) as to the Commissioner's assessment of damages, the Plaintiff raised the constitutional issue as applied to the facts of the subject taking, and argued that the Condemnation was void ab initio, viz:

"A State Legislature (DOT) cannot take property on the basis of a claimed need- only to then have the Executive Branch (Attorney General) and Judiciary(Trial Court) assert that the need itself is extremely remote and thus non-compensable -while contemporaneously- maintaining the validity of the taking. It can't happen, at least, not in a constitution state." (Appellant's Brief pp.2-3)

In a unanimous decision, the Appellate Court rejected Plaintiff's argument (**92 Conn. App 15, (2005)**) cert denied (**276 Conn. 931 (2005)**). Ultimately then, three (3) Chief Justices of the Connecticut Supreme Court ( Hon. Justice Callahan, Hon. Justice Peters, Hon. Justice Sullivan) have reviewed Plaintiff's claims through the State's appellate processes, and found the claims wanting.

From a lay perspective, respectfully, the pro se Plaintiff still maintains a visceral belief that the manner of this taking by the Commissioner was unconstitutional; and, regrets that his efforts in State Court failed to result in a deterrent by which the Department of Transportation would thereafter be enjoined from repeating the process as to other Connecticut property owners. However, a visceral belief does not a successful legal argument make- and here the Plaintiff simply failed to competently employ the proper legal strategies, remedies, forums and arguments in State Court by which to make his case alleging a substantive and procedural violation of the Takings Clause.

Accordingly, although Count One of this Federal Complaint is distinct from the matters raised in State Court, the undercurrents are such that the Plaintiff may find himself collaterally estopped by certain State Court findings. Thus, in good conscience and with due respect to State and District Court, the Plaintiff can not further impose on this Court's time, where this Court may ultimately find that the underlying issues had been exhaustively reviewed on the State level.

Wherefore, for the reasons stated above, the Plaintiff surrenders this cause, allowing its dismissal- and sincerely apologizes to this Court to the extent that Plaintiff's limitations resulted in his inability to serve Connecticut and/or the ends of justice in this action.

Respectfully Submitted,

Vincent P. Larobina, Plaintiff Pro Se

CERTIFICATION: A copy of this communication was mailed, first class, to: Attorney Drew Graham, Ass't Attorney General, 55 Elm Street, Hartford, Connecticut 06103.